## CURTISS v. CURTISS.

1. APPEAL AND ERROR—INSTRUCTIONS—HARMLESS ERROR.
   Complaint of an instruction that authorized the jury to find for plaintiff notwithstanding they found that a certain mortgage was fraudulent, will not be considered where the jury found specially that the mortgage was not fraudulent.

2. SAME — DETERMINATION OF CAUSE — FORMER DECISION AS LAW OF CASE.
   The decision of the court on a question raised on a former review of the same case is the law of the case and cannot be reconsidered.

Error to Kent; Perkins, J. Submitted January 12, 1906. (Docket No. 64.) Decided April 30, 1906.

Case by James A. Curtiss, as surviving partner of himself and George H. Outhouse, deceased, composing the firm of J. A. Curtiss & Company, against George S. Curtiss, for the wrongful conversion of a cause of action. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Dunham & Malcolm*, for appellant.

*McKnight & McAllister*, for appellee.

MONTGOMERY, J. This case has once been before the court, and is reported in 134 Mich., at page 220, to which report a reference is made for a fuller statement of facts. Briefly stated, the claim which plaintiff sets forth in his declaration is that having a cause of action against Luther T. Wilcox for damages for conversion of a stock of goods upon which plaintiff and his business partner (since deceased) held a chattel mortgage to secure the payment of an indebtedness of $2,861.27, and having many years ago instituted suit against Wilcox to secure damages for

the alleged conversion, and having obtained a judgment for something over $2,000, an assignment of this judgment was made to defendant to secure him for money advanced to enable plaintiff to carry on the litigation; that this assignment was not intended to vest full title in the defendant or to authorize him to settle or adjust the claim; that, notwithstanding this restricted purpose of the assignment, the defendant availed himself of this appearance of authority and settled the claim for $1,500 and caused the suit to be discontinued by the attorneys of record.

The defendant claimed on the trial:

"1. That the plaintiff in fact had no cause of action against Wilcox, who, as sheriff, represented the creditors of the mortgagor, for the reason that the mortgage was a fraud upon such creditors.

"2. That the settlement of the suit against Wilcox was made with full authority of plaintiff.

"3. That a certain note of $554, held by defendant, given by plaintiff, should be allowed in reduction of plaintiff's demand if one be found to legally exist."

On trial of the case before a jury a verdict was given for plaintiff in the sum of $3,024.65, which was found as the value of the plaintiff's claim against Wilcox, less the advance for expenses made by defendant. Defendant moved for a new trial; and, on this motion being denied, now brings error.

It is strenuously insisted that the evidence conclusively shows that the original mortgage to plaintiff and his partner Outhouse was fraudulent as to creditors, and that, if this should not be held as matter of law, the verdict is so clearly against the weight of the testimony on this point that the order refusing a new trial should for this reason be vacated. A consideration of the record leads to the conclusion that the question of fraud was a fair one for the jury, was fairly submitted, and that the verdict is not so grossly against the weight of the testimony as to justify a vacation of the judgment. The circuit judge charged

the jury in effect that, if the jury found that the mortgage under which plaintiff claimed the property seized by Wilcox was fraudulent as to the creditors of the mortgagor, the basis upon which the jury should proceed was the $1,500 actually received by the defendant. This instruction is complained of. It is insisted that, if plaintiff was attempting to enforce an unconscionable and fraudulent claim against Wilcox, the court should not give him its aid to recover the fruits of a settlement of such unlawful demand. What might be said of this contention if the case showed that the plaintiff had been aided to a recovery by this instruction need not now be stated, as the record shows that the jury found specially that the mortgage was not fraudulent as to creditors.

The claim of $554, based on plaintiff's note, was fully discussed on the former hearing. The circuit judge followed the ruling of this court on that question, and the defendant is not entitled to a reconsideration of the question. That holding has under repeated decisions become the law of this case.

Judgment affirmed.

McALVAY, GRANT, BLAIR, and OSTRANDER, JJ., concurred.