LIGNELL v. BRUHNS.

1. CONTRACTS—BREACH—ORAL LEASE—EVIDENCE—SUFFICIENCY.

In an action by a tenant for the breach of an oral contract for the lease of a farm, a verdict for plaintiff in some amount, *held*, to be supported by the preponderance of the proof.

2. APPEAL AND ERROR—SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT—WEIGHT OF EVIDENCE.

The Supreme Court is not the trier of the facts, and in the exercise of appellate jurisdiction it may reverse only when the verdict is manifestly against the clear weight of the evidence.

3. JUDGMENT—CONDITIONAL JUDGMENT.

Where a verdict for plaintiff for $300 is manifestly against the clear weight of the evidence, but the jury would have been justified in allowing him the sum of $207.84, under the evidence, the judgment will be reversed unless plaintiff within 30 days remit to the amount of $207.84, in which case judgment for same will be affirmed.

Error to Livingston; Collins (Joseph H.), J. Submitted June 9, 1920. (Docket No. 26.) Decided July 20, 1920.

Assumpsit in justice's court by Florent Lignell against John Bruhns for breach of a contract of leasing. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed, conditionally.

*Louis E. Howlett* and *Frank B. De Vine,* for appellant.

*Francis J. Shields,* for appellee.

FELLOWS, J. Plaintiff worked defendant's farm on shares the season of 1918 under an oral agreement. They do not differ as to what the terms of their contract were, but disagree as to who breached it. Their prime cause of contention was the cows. By their agreement defendant was to keep ten cows on the place, and plaintiff was to have one-third of the milk checks and one-third of the increase. Ten cows were kept on the place until September when they were sold. Plaintiff claims they were sold without his consent and over his protest. Defendant insists that they were sold at plaintiff's suggestion and request. Plaintiff had judgment in the sum of $300. Motion for a new trial was made on the grounds that the verdict was against the weight of the evidence and was in excess of the amount plaintiff's proofs showed he was entitled to recover. This motion was overruled, and this ruling presents the only question upon the record. It is conceded that the trial judge correctly stated the law to the jury but it is claimed the jury disregarded his instructions and rendered an excessive verdict.

We are persuaded that the testimony clearly justi-

fied a verdict for the plaintiff in some amount. The plaintiff's own testimony supported his claim; a disinterested witness testified that defendant admitted to him that he owed plaintiff $120 and said "he would let him sweat a while before he got it." Defendant did not take the stand to deny this or any other testimony given in the case. While some members of defendant's family contradicted some of the testimony given by plaintiff, we are not persuaded that the clear weight of the testimony upon the question of plaintiff's right to recover is with the defendant. On the contrary, we are impressed that a verdict for the plaintiff in some amount is supported by the preponderance of the proof.

But a reading of the record convinces us that the amount awarded by the jury is not only against the weight of the evidence but is without support in the evidence, and that the instructions of the court which both parties seem to concede were correct, were not followed by the jury. We cannot detail the testimony bearing on each of the items of plaintiff's bill of particulars or of defendant's set-off. It will suffice to say that we think plaintiff's testimony sufficiently established, at least as against the objections here urged, his right to recover for the following items: (a) balance of one-half of proceeds of beet crop, $110.84; (b) wood purchased, $4.00; (c) coal purchased, $20.00; (d) drawing gravel five days, $17.50; (e) cutting logs 1½ days, $4.50; (f) cash deducted by defendant from plaintiff for broken mold board, $5.00; (g) 10 days' work for defendant, $25.00; (h) work on defendant's bean crop of previous year, $20.00; (i) paid for house rent, $20.00. The other item of plaintiff's claim requires more detailed consideration. It involves the loss and damages occasioned by the sale of the cows. Plaintiff claims to have had some experience as a dairy farmer. He testifies to the income which should

have been received from the milk of the cows during the remaining months of his contract after they were sold. He testifies that his damages for such loss was the sum of $150. While it is true as defendant claims that the cows during this period would have to be fed from undivided feed, and there are some figures in the record as to what that amount would be, we cannot say that an allowance to the plaintiff of the amount of this item of $150 in his bill of particulars for his damages (*i. e.*, the amount he would have received over and above his outlay) is manifestly against the clear weight of the evidence. The testimony given on behalf of defendant on the subject of the cows was not aimed at combatting the amount of the damages but was directed to the question of whether the cows were sold at the instance of plaintiff or of the defendant. The total amount of the items of plaintiff's claim which find support in the proof, as against the objection here urged, is $376.84. There is no proof which would support the allowance of any other items or any greater amount for these items.

A consideration of plaintiff's testimony demonstrates that he admits, in some instances after hesitation, that defendant is entitled to the following credits: (*a*) two-thirds interest in one hog, $22.00; (*b*) one-third of feed of horses during the period after he left the farm, $30.00; (*c*) work done by defendant in haying, $15.00; (*d*) running binder two days, $6.00. He also admits that during the balance of the term he earned $96.00. The trial judge, on the theory that plaintiff was bound to minimize his damages, directed the jury to also deduct this amount from plaintiff's claim. No claim is made by plaintiff that this instruction is erroneous. It is therefore obvious upon this record and upon plaintiff's own admissions that the jury was bound to deduct from his claim the sum of $169. This would leave the sum of $207.84 as the

amount the jury would be justified in allowing plaintiff, and the jury was not justified under the proofs in awarding any greater sum. It is doubtful that we would, if we were the triers of the facts, reach exactly the same result as did the jury on each of the items in plaintiff's claim; but this is not the test. We are not the triers of the facts and in the exercise of appellate jurisdiction we may reverse only when the verdict is manifestly against the clear weight of the evidence. The verdict, to the extent of $207.84, is not manifestly against the clear weight of the evidence. Beyond that sum it is excessive and has no support in the testimony.

The judgment must be reversed and a new trial ordered unless the plaintiff shall within thirty days remit the judgment to the sum of $207.84. In such case it will be affirmed in that amount. In either event defendant will recover costs of this court.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.