MAPES *v.* BOERSMA.

1. TRIAL—INSTRUCTIONS—CHARGE TO BE TAKEN AS WHOLE.
   Excerpts from a charge to the jury must be considered in connection with what precedes and what follows them, and the charge taken as a whole.

2. APPEAL AND ERROR—NEW TRIAL—GREAT WEIGHT OF EVIDENCE.
   A case may be reversed on the ground that the verdict is against the great weight of the evidence only when the verdict is clearly and manifestly against the weight of the evidence.

Error to Kent; McDonald (John S.), J. Submitted June 23, 1921. (Docket No. 59.) Decided October 3, 1921.

Case by Charles H. Mapes against Everett Boersma for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed.

*Clare E. Hoffman,* for appellant.

*Dorr Kuizema,* for appellee.

MOORE, J. About 9 o'clock on the evening of August 28, 1919, plaintiff was driving his horse and buggy on the Dixie highway, and claims that he came in collision with an automobile driven by defendant, while plaintiff was driving on the right side of the traveled track at a place where the traveled portion of the highway was at least 18 feet wide. A trial before a jury resulted in a verdict of "No cause of action." Upon this judgment was rendered. A motion for a new trial on the ground that the verdict was contrary to the great weight of evidence, that the

court had erred in the charge as given, and in failing to give certain requests offered by plaintiff, was denied. The case is brought to this court by writ of error.

The appellant discusses his assignments of error under five groups. We have examined all of them but shall discuss those only under groups three and five.

Group three relates to the failure of the judge to give certain requests tendered on behalf of the plaintiff, and to the charge as given. Counsel, after quoting from the charge itself, states the grievance as follows:

"It will be observed that the court in paragraph 15, told the jury that if plaintiff was guilty of negligence which in the slightest degree contributed to the injury he could not recover but he applied a different rule as to defendant's conduct in the 20th paragraph, for he there said that before plaintiff could recover he must show that defendant's negligence 'caused his injuries directly.'

"And to make the way still more rocky, he instructed the jury that plaintiff must establish both of these propositions by a fair preponderance of the evidence. Such an instruction was condemned by this court in *Van Slyke* v. *Rooks,* 181 Mich. 88, where a like expression was used and this court said:

" 'We should say that we think it more prudent for the trial court in charging a jury in a civil case, to not require a greater weight of proof than the ordinary preponderance of evidence.'

"See, also, *Barrett* v. *Insurance Co.,* 195 Mich. 217."

In his disposition of the motion for a new trial the judge said:

"Under the circumstances there was no error in the court's instructions relative to the preponderance of the evidence. The word 'fair' was inadvertently used. When all that was said on this subject is considered together, it will appear that the jury was informed that nothing more than an ordinary . preponderance was required."

It has often been held by this court that

"Excerpts from a charge must be considered in connection with what precedes and what follows them. The charge must be taken as a whole." *Harrison* v. *Grier*, 198 Mich. at p. 675.

The charge as given was evidently an effort to give all the law applicable to the case necessary for the jury to render an intelligent verdict. It covers more than 8 printed pages of the record. It may be well to quote some of it, which reads:

"It is the plaintiff's claim that at the time of the accident, which was on the 28th day of August, 1919, he was driving with a horse and buggy from Moline to his home and was going south, driving in a careful and prudent manner on the right side of the traveled portion of the road. That the defendant was driving his automobile north on the highway at the same time and to the left of the center of the traveled portion of the highway at a rate of speed that was greater than reasonable and proper, having regard to the traffic and the use of the highway at the time and so as to endanger the life and safety of the property of the plaintiff, and without displaying thereon a lighted lamp on the front of his motor vehicle, the light of which was visible at least two hundred feet in the direction in which said motor vehicle was proceeding; and that as the defendant approached the plaintiff, defendant failed to seasonably turn to the right of the center portion of the track or to give reasonable warning of his approach to the plaintiff, and that as a result of the defendant's conduct on this occasion there was a collision which frightened plaintiff's horse, causing it to run away and into a fence where it was killed, damaging plaintiff's buggy, his clothing, and injuring him; and it is to recover damages for these injuries that the plaintiff has brought this suit.

"On his part the defendant denies that he was guilty of any negligence which caused or contributed to the plaintiff's injuries. While he admits that his lights were poor, he says that for that reason he was driving his car with very great care, and that the accident was due solely to the negligence of the plain-

tiff himself, who was not on the right side of the traveled portion of the road. These are the claims which I have only briefly stated. You have heard them stated in greater detail by the witnesses and by counsel. * * *

"Before the plaintiff can recover in this case he must establish by a fair preponderance of the evidence two propositions: *First,* that the defendant was negligent, and that such negligence was the proximate cause of the injury; and *second,* that he himself, that is, the plaintiff, was not guilty of any negligence which contributed in the slightest degree to his injury. These are the two elements of the plaintiff's case. Unless he has established both of them by a fair preponderance of the evidence he cannot recover.

"Taking them up in their order, the first one is that the defendant was negligent, and that such negligence was the proximate cause of his injury. Negligence may be defined to be the want of ordinary care, and ordinary care is such care as an ordinarily prudent person would use under like or the same circumstances. With which proposition in mind you will consider these two elements of the plaintiff's case. *First,* Was the defendant negligent? Now the negligent acts charged against the defendant by the plaintiff in his declaration are: *First,* that he did not have sufficient lights, that is, such lights as the law requires him to have; *second,* that he did not turn out to the right of the center of the traveled portion of the road as he met the plaintiff; and *third,* that he was driving at an unlawful rate of speed."

The court then read the provisions of the statute with reference to the duties of persons driving automobiles and other vehicles on the public highways. We again quote:

"The law then required the defendant in this case as he approached the plaintiff to seasonably turn to the right of the center of the traveled portion of the highway, and the law, as I will tell you, placed the same duty upon the plaintiff as he approached the automobile to turn to the right of the center of the traveled portion of the highway. * * *

"Now these are the negligent acts which the plaintiff charges against the defendant: That he violated the statutes of this State which require sufficient lights and required him to seasonably turn when he met the buggy, to seasonably turn to the right of the traveled portion of the highway and so on. The violation of a statute is negligence *per se;* that is, negligence in itself. The law placed this duty upon the defendant as I have read it to you, and if he neglected that duty, he would be guilty of negligence. * * *

"If, however, you find that the defendant was negligent as the plaintiff claims, then you will determine the second element, namely, Was the plaintiff guilty of any negligence which in the slightest degree contributed to the injury? That is what we call contributory negligence. The law requires of a person that he use ordinary care for his own protection, and if he does not do so and is injured and his negligence contributes in the slightest degree to his injury, he cannot recover. That is what we know in the law as contributory negligence.

"Now it is the claim of the defendant in this case that the plaintiff was guilty of contributory negligence. The defendant says that he did not seasonably turn to the right of the traveled portion of the road; that he could see the automobile coming a hundred feet away, and that it was his duty to turn to the right of the traveled portion of the highway. There is a disputed question of fact for you to determine.

"If after the determination of these facts you find that the plaintiff was guilty of contributory negligence which contributed to the injuries which he received, then he cannot recover; for he would have failed to establish the second element of his case, which is just as necessary as the first.

"If however, on the other hand, you find that the defendant was negligent as the plaintiff claims and that such negligence was the proximate cause of the injury, that is, the direct, producing cause of the injury, and you also find that the plaintiff was not guilty of any contributory negligence, then the plaintiff can recover and then you should proceed to estimate his damages."

We think a reading of these quotations makes it clear the jury could not have misunderstood the charge of the court, and the legal rights and duties of the respective parties to the litigation.

We now consider the fifth group of assignments of error. Counsel says:

"The verdict was contrary to the overwhelming weight of the evidence and should have been set aside."

We have quoted sufficiently from the charge of the court to show the claims of the parties to the suit. The plaintiff and the man who was riding with him gave testimony that strongly supported his claim. Several of the witnesses who lived near the accident, by the aid of a lantern looked over the ground soon after the accident, and gave testimony tending strongly to sustain the contention of the plaintiff. On the other hand the testimony offered on the part of the defendant tends to show that in the evening when starting for his home in Grand Rapids, some miles away from Grand Rapids he could not light the head lights of his car and that he obtained some kerosene oil with which he filled the side lamps to his automobile, and that after lighting them he started for home driving slowly and with great care, keeping well on the right side of the highway, which all the witnesses agree had a good graveled roadway 20 or more feet wide.

The defendant testifies that he did not see the plaintiff at all, and that his automobile did not hit any object with sufficient impact to attract his attention, and that he did not know any accident had occurred until informed of it later. There were three adults riding in the automobile with the defendant, all of whom gave testimony tending to show that the automobile was kept well to the right of the center of the highway, and was driven with great caution. These

witnesses testified in substance that each of them got just a glimpse of the buggy and that there was just a little noise at the side of the automobile; we quote:

"*Q.* Well, what was it?

"*A.* We heard something scrape along the side of the machine.    It didn't leave any mark on the side, not in the least, and it didn't swerve the machine or give it a jar."

Several witnesses testified that there were no marks on the automobile to indicate that it had been in collision with any object.

Some testimony was given on the part of the plaintiff which may have influenced the jury in its verdict. We quote from the cross-examination of the plaintiff:

"We were driving along; the horse was walking. I was watching the road.    It was quite dark; could see an object ahead of me ten or twelve feet, something like that.    I kept on the side of the road.    I know I was on that side of the road because I pulled over as far as I could.

"*Q.* Did you watch Mr. Boersma coming?

"*A.* Why, as far as I could see the lights.    I saw there was a Ford coming.    I saw him not to exceed a hundred feet, and I don't think it was that far.

"*Q.* You can see lamp lights farther away that that?

"*A.* Not as black as they were, I don't think.

"*Q.* You can see lamp lights a long distance?

"*A.* Not as black as they were.

"*Q.* So you say you couldn't see this automobile coming a hundred feet away?

"*A.* I don't think I saw over a hundred feet away. I was watching the road.    I was not paying attention to anything else, just merely watching the road.    We were talking together as we were riding along, just letting the horse walk."

The nephew of the plaintiff who was riding with him testified on the cross-examination in part as follows:

"*Q.* And you knew it was going to happen?

"*A.* I could see him coming right into us.    I don't

remember that we gave any warning of any kind. We didn't carry any lights."

This court has frequently had occasion to say when it would reverse a case because of the refusal of a trial judge to set aside a verdict for the reason that it was against the great weight of the evidence. One of the recent cases is *Porth* v. *Cadillac Motor Car Co.,* 209 Mich. 89, where, at p. 96, the rule is stated. See, also, *Lignell* v. *Bruhns,* 211 Mich. 346. We find no reversible error.

The judgment is affirmed, with costs to defendant.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.