Loretta Goldman, Plaintiff-Appellee, v. Checker Taxi Company, Inc., a Foreign Corporation, Defendant-Appellant.

Gen. No. 51,547.

First District, First Division.

June 12, 1967.

Rehearing denied July 5, 1967.

Jesmer & Harris, of Chicago, for appellant.

Milroy R. Blowitz, of Chicago (Leon C. Wexler, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant appeals from an order which vacated a dismissal order and reinstated plaintiff's cause of action.

Defendant contends that "plaintiff has failed to show any cause under Section 72 of the Civil Practice Act to vacate a dismissal order entered seventeen months prior to the making of the motion; and that plaintiff's own negligence, and indifference to and disobedience of the previous orders of the court requiring production of income tax returns for discovery, bars the plaintiff from seeking relief in equity under Section 72 of the Civil Practice Act."

The record shows that plaintiff's personal injury complaint was filed July 18, 1962. On June 11, 1963, the court sustained defendant's motion to dismiss "for failure of plaintiff to authorize tax statements." The statement of claim was stricken, and the suit dismissed. This order of dismissal was vacated on November 5, 1963, and plaintiff was given "thirty (30) days to sign income tax authorizations." On February 13, 1964, defendant's second motion to dismiss, supported by affidavit, was continued to March 5, 1964, "by agreement between the parties hereto." On March 5, 1964, the court sustained defendant's motion and ordered "that this cause be and the same is hereby dismissed out of this court." On August 6, 1965, plaintiff moved "to reinstate the above entitled matter in accordance with the Affidavit which will be filed on the hearing of the motion." On December 28, 1965, the attorney for plaintiff filed an affidavit, which stated:

> "1. That this matter was dismissed by this Honorable Court for failure to submit income tax returns of the plaintiff.
> "2. That this office believed that the returns had been submitted to the attorneys for the de-

fendant prior to the hearing on the motion to dismiss and thought the motion had been withdrawn.

"3. That on a review of all files at the Courthouse, it was discovered that there was a hearing on the motion and this matter had been dismissed.

"4. That the tax returns are still in our files and available to the defendant's attorneys.

"5. That the plaintiff has a good claim and should not be denied her day in Court."

On April 19, 1966, the trial court vacated the order of dismissal entered March 5, 1964, and set the matter for trial on December 8, 1966. A subsequent motion of defendant to vacate the order of April 19, 1966, was denied.

A review of the contentions and supporting authorities of both sides is unnecessary here. Our determination of the issue is based on what this record reflects.

A petition to vacate a default order under section 72 must show "due diligence" in making an available defense. The remedy was not designed to relieve a party of the consequences of his own neglect. (Till v. Kara, 22 Ill App2d 502, 509, 161 NE2d 363 (1959).) Persistent failure to comply with the orders of the court is a proper ground for dismissal (Supreme Court Rule 219 (c) (v)), and a trial court has the responsibility to uphold the dignity and authority of the court. (Sager Glove Corp. v. Continental Cas. Co., 19 Ill App2d 568, 570, 154 NE2d 833 (1958).) The petition is addressed to the sound legal discretion of the court, and it is only when there is an abuse of discretion that a reviewing court will interfere. Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525 (1961).

This record shows two dismissal orders for failure to comply with orders of the trial court, plus a seventeen-month delay before making a routine motion to vacate the second dismissal order. The supporting affidavit

does not show diligence in presenting the motion to vacate, nor compliance with the order of court entered on November 5, 1963, to execute tax authorization within thirty days. We conclude this record shows an indifference to court orders and a lack of diligence in promptly moving to vacate the dismissal order of March 5, 1964.

■    For the reasons given, the order of the trial court entered April 19, 1966, vacating the dismissal order of March 5, 1964, is reversed.

Reversed.

BURMAN and ADESKO, JJ., concur.