**Flores E. Suarez, et al., Plaintiff-Appellant, v. Yellow Cab Co., et al., Defendant-Appellee.**

Gen. No. 52,618.

First District, Second Division.

June 24, 1969.

Mitgang & Levine, of Chicago (John B. Schwartz, of counsel), for appellant.

Jesmer and Harris, of Chicago (Julius Jesmer and Michael Silverman, of counsel), for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

The plaintiff, Flores E. Suarez, appeals from an order denying his section 72 petition (Ill Rev Stats 1967, c 110, § 72) which petition sought to vacate an earlier final order of the trial court dismissing his complaint for personal injuries for failure to appear at a pretrial conference. The sole issue presented in this appeal is whether the court abused its discretion in denying the section 72 petition.

On June 21, 1962, the plaintiff filed his complaint at law, accompanied by a jury demand, naming the defendant as one of four defendants. The defendant promptly

filed its answer. Approximately three years later, on July 20, 1965, a pretrial conference was held. An order was entered on that date dismissing the complaint, on motion of the court, for the failure of anyone to appear to prosecute the cause in behalf of the plaintiff. Exactly two years later, or on July 20, 1967, the plaintiff filed his verified section 72 petition, supported by two affidavits, his own and that of his counsel, in which petition he sought to vacate and set aside the earlier final order of dismissal and have his cause set down for trial. In addition, the plaintiff sought to have his new counsel substitute for his prior counsel, who sought to withdraw. The record filed in this court does not contain a report of proceedings pertaining to the hearing on the plaintiff's section 72 petition.

In the affidavit supporting his petition, the plaintiff alleged inter alia, that: (1) he did not learn of the dismissal of his cause until July 19, 1967, almost two years after the entry of the dismissal order, when he realized that his place on the trial call had been passed; (2) he had another attorney look into the status of the case on July 19, 1967, and thereby discovered the order of dismissal; (3) he had been in contact with the attorney who had earlier filed his complaint but had never been advised by said attorney of the dismissal; (4) he had been diligent in protecting his interest and had a good and valid cause of action for personal injury against the defendant.

His attorney also filed an affidavit in which he declared that he was the attorney of record for the plaintiff and had "no honest recollection of ever receiving any notification at any time from the court regarding dismissal of the complaint for want of prosecution."

The defendant did not file a motion to dismiss nor an answer to the section 72 petition. The petition, which was argued on the same day it was filed, July 20, 1967, was denied and new counsel was given leave to file a substitution of attorneys. New counsel prosecutes this ap-

peal on behalf of the plaintiff. In its brief filed in this court, counsel for the plaintiff admits that the Chicago Daily Law Bulletin timely published both a notice of the pretrial conference and a notice of the subsequent order of dismissal of the plaintiff's complaint.

On appeal, the plaintiff contends that it is an abuse of discretion for a trial judge to refuse to reinstate a case when a plaintiff presents a petition under section 72 of the Civil Practice Act which petition shows that the plaintiff had no actual knowledge of the dismissal order until more than thirty days had elapsed thereby depriving him of the opportunity to present a motion to vacate in term time pursuant to Ill Rev Stats (1965), c 110, § 50 (6).

■■ A section 72 petition is an attack upon a final order, judgment or decree, begun more than thirty (30) days but not more than two years after the order, judgment or decree has become final, subject to three exceptions not involved in the case at bar. Ill Rev Stats (1965), c 110, § 72 (1), (3). Such a petition is addressed to the sound legal discretion of the trial court. A reviewing court will interfere only when there is an abuse of that discretion. Goldman v. Checker Taxi Co., Inc., 84 Ill App 2d 318, 228 NE2d 177 (1967).

In Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294, 295–96 (1960), the court stated, in defining the substantive aspects of a section 72 petition:

> "Section 72 of the Civil Practice Act, which substitutes a simple remedy by petition for various forms of post-judgment relief theretofore available, enables a party to bring before the court rendering a judgment matters of fact not appearing in the record, which if known to the court at the time the judgment was entered, would have prevented its rendition; . . . .
>
> "A trial court cannot review its own order or judgment and correct the same, either as to any

question of fact found or decided by the court or as to any question of law decided by it after the expiration of thirty days. (See Chapman v. North American Life Ins. Co., 292 Ill 179.) A petition under section 72 of the Civil Practice Act is therefore the filing of a new action; and it is necessary, as in any civil case, that the petitioner allege and prove a right to the relief sought. . . . The rule is well established that a person may not avail himself of the present remedy unless he shows that through no fault or negligence of his own, the error of fact . . . was not made to appear to the trial court. (Guth v. People, 402 Ill 286; Greene v. People, 402 Ill 224.) Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence. McCord v. Briggs & Turivas, 338 Ill 158; Cramer v. Illinois Commercial Men's Ass'n, 260 Ill 516."

In the case at bar, the error of fact which was not brought to the trial court's attention and which, if known, would have allegedly prevented the entry of the dismissal order was that the plaintiff and his attorney allegedly did not receive actual notice from the court of either the pretrial conference or the subsequent order of dismissal. The plaintiff does not dispute the propriety of dismissing his complaint for failure to attend a pretrial conference as authorized by Supreme Court Rule 22 (Ill Rev Stats 1965, c 110, § 101.22), but claims that his alleged lack of knowledge of the pretrial conference and subsequent dismissal order justified relief under section 72 of the Civil Practice Act.

While reviewing courts have become increasingly liberal in holding that dismissal orders and default judgments should be vacated when motions to vacate are presented to the trial court within thirty days after the dismissal orders or default judgments have been entered (Widucus v. Southwestern Elec. Cooperative, Inc., 26 Ill

App2d 102, 167 NE2d 799 (1960); Lynch v. Illinois Hospital Services, Inc., 38 Ill App2d 470, 187 NE2d 330 (1963); Mieszkowski v. Norville, 61 Ill App2d 289, 209 NE2d 358 (1965)), the pendulum has recently swung in the opposite direction when courts of review have been presented with section 72 petitions filed in the trial court after a substantial interval of time has elapsed since the court had entered its final order, judgment or decree. (Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719 (1968); Fennema v. Vander Aa, 42 Ill2d 309, 247 NE2d 409 (1969).) When motions to vacate are presented to the trial court in term time (i. e., within thirty days after the order or judgment has been entered), they are somewhat liberally granted because of a judicial philosophy that the movant should not be deprived of his day in court and litigation should be determined on the merits according to the substantive rights of the parties.

However, when a substantial length of time has passed, much more than thirty days, and the movant must consequently rely upon a section 72 petition to collaterally attack a final order, judgment or decree, reviewing courts have recently begun to view the contents of the petition with strictness, although recognizing that section 72 petitions are addressed to the equitable powers of the court as justice and fairness require. (Ellman v. De Ruiter, 412 Ill 285, 292, 106 NE2d 350, 354 (1952); Elfman v. Evanston Bus Co., 27 Ill2d 609, 613, 190 NE2d 348, 350 (1963).) Courts of review have not hesitated, in some cases, to deny relief to the petitioner. Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719 (1968); Fennema v. Vander Aa, 42 Ill2d 309, 247 NE2d 409 (1939). The judicial philosophy in this developing area of the case law has become one of concern for the stability and finality of judgments as well as concern for the ever-increasing backlog of cases in the metropolitan areas when contrasted with the lack of diligence

shown by a petitioner and his counsel in failing to learn of pretrial conferences and subsequent dismissal orders until an unreasonable length of time has passed.

In Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719 (1968), the reviewing court sustained an order of the trial court which had denied the plaintiff's section 72 petition filed in an attempt to vacate an earlier final order of dismissal entered against the plaintiff for failure to attend a pretrial conference. The petition, filed nineteen months after the petitioner's complaint had been dismissed, alleged, inter alia, that neither the plaintiff nor the defendants received notice of the dismissal order until one month before the section 72 petition was filed and that the failure to attend the pretrial conference was due to "mere inadvertence and excusable neglect." In holding that the petitioner was not entitled to section 72 relief because such relief would absolve her from the consequences of her own mistake or negligence, the court stated at 39 Ill2d 464, 467–68, 236 NE2d 719, 720–21:

> "It is significant that although plaintiff denied knowledge of both the pretrial conference and of the dismissal, she does not allege that no notices were sent to her or to her attorney of record nor does she deny that notice of the pretrial and the dismissal were duly published in the Chicago Daily Law Bulletin. Indeed, she attributes the failure to attend the pretrial conference to 'mere inadvertency or excusable neglect . . . .' The section 72 petition does not allege and there is no suggestion that plaintiff's lack of knowledge was due in any way to fraud on the part of defendants or the court.
>
> "We do not believe the facts alleged justify relief under section 72. It has long been held that once a court acquires jurisdiction, it is the duty of the litigants to follow the case. (Bonney v. McClelland, 235 Ill 259; Staunton Coal Co. v. Menk, 197 Ill 369.) We

realize that the great volume of litigation in metropolitan centers increases this burden and fairness requires an accommodation between courts and lawyers in matters of notices. Nevertheless the practical administration of justice requires that the litigant undertake the burden of following his case if this be possible.

．　．　．　．　．　．

"Plaintiff merely claims she did not receive the postcard notices and did not see the notice in the Law Bulletin. The gist of her argument is that it is difficult, if not impossible, for a small law office to check each of its cases in the Law Bulletin. We do not agree. While the task is not an easy one, it is less onerous than to require the litigant to be in daily attendance at court to check his case. Cf. Bonney v. McClelland, 235 Ill 259.

"We do not believe that the facts alleged show such fraud, mistake or fundamental unfairness as would justify a collateral attack upon a final judgment nineteen months after its rendition."

In the case at bar, the attorney who filed the plaintiff's complaint did not allege in his affidavit supporting the section 72 petition that the clerk of the court failed to send postcard notices of both the pretrial conference and subsequent order of dismissal or that these matters were not published in the Chicago Daily Law Bulletin. The attorney merely alleged that he had "no honest recollection of ever receiving any notification at any time from the court regarding dismissal of the complaint for want of prosecution." Such an allegation is entirely consistent with the fact that adequate notice was given. Fennema v. Vander Aa, 42 Ill2d 309, 247 NE2d 409 (1969) ; Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719 (1968). It is undisputed that the Chicago Daily Law Bul-

letin did timely publish a notice of both the pretrial conference and the subsequent order of dismissal.

Apparently, the plaintiff and his original attorney allowed this litigation to remain dormant for almost five years. More than three years passed from the time the complaint was filed until the order of dismissal was entered. An additional two years to the day elapsed before the plaintiff presented his section 72 petition seeking to vacate the final order of dismissal. An annual review of his pending case files would have revealed to the plaintiff's original counsel that either a pretrial conference might be imminent or had passed or he should review the court file to determine the current status of the litigation. The Limitations Act, Ill Rev Stats (1965), c 83, § 24(a), permits a plaintiff who has been nonsuited to commence a new action within one year from the date of the order of dismissal. If plaintiff's original counsel had conducted an annual review of his pending case files, a new complaint as authorized by the Limitations Act might have resulted. In any event, a more timely section 72 petition would have been presented to the trial court.

■■ The dismissal of the instant complaint resulted from the inadvertent failure of the plaintiff and his original counsel to follow the progress of the case until almost five years had passed. Based upon the Esczuk and Fennema opinions, we hold that the trial court, within the facts of this case, did not abuse its discretion in denying the plaintiff's section 72 petition. We are not persuaded by the plaintiff's additional contention that the defendant, due to the waiver doctrine, cannot attack the sufficiency of the petition in this court since it failed to file a motion to strike the petition in the trial court. It is settled law in this State that a litigant can attack the legal sufficiency of a section 72 petition for the first time in a court of review if the petition is so defective that it will not sustain an order granted under section 72 of the Civil Practice Act. Grizzard v. Matthew Chevrolet, 39

Ill App2d 9, 16–17, 188 NE2d 59, 62–63 (1963) ; Schuman v. Department of Revenue, 38 Ill2d 571, 574, 232 NE2d 732, 734 (1967). The petition in the instant case, based upon the Esczuk and Fennema cases, is fatally defective. The waiver rule is thus inapplicable.

The order of the Circuit Court of Cook County denying the plaintiff's section 72 petition is affirmed.

Order affirmed.

BURKE and McCORMICK, JJ., concur.