## MICHIGAN NATIONAL BANK v. MARTIN

1. ACTION—SPLITTING—JOINDER—COMMON LAW—COURT RULES.
   The common-law rule against splitting a cause of action is incorporated in a general court rule which expresses the common-law rule in terms of joinder of claims rather than as a rule against splitting causes of action (GCR 1963, 203.1).

2. MORTGAGES—SEPARATE MORTGAGES—ENFORCEMENT.
   Separate mortgages, each of a distinct parcel of real property, by a common mortgagor to a common mortgagee, constitute separate and distinct contracts, each capable of enforcement independent of the others.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 1 Am Jur 2d, Actions § 127 et seq.
[2] 37 Am Jur, Mortgages §§ 514, 515.
[3, 4] 37 Am Jur, Mortgages §§ 535, 537.
[5] 1 Am Jur 2d, Actions § 124.
[7] 37 Am Jur, Mortgages §§ 535, 537.
    1 Am Jur 2d, Actions § 127 et seq.
[8] 37 Am Jur, Mortgages §§ 535, 537.

3. Mortgages—Separate Mortgages—Foreclosure—Single Debt.

   One who holds several mortgages as mortgagee, to secure a single debt, *may* foreclose any of them at his option separately until his debt is satisfied, but is not required to do so.

4. Mortgages—Foreclosure—Sufficiency—Debt—Satisfaction.

   Requiring foreclosure upon all property mortgaged would needlessly involve the additional properties in litigation when one of several mortgaged properties, if sold upon foreclosure, would yield funds sufficient to satisfy the principal debt.

5. Mortgages—Default—Compulsory Joinder.

   Compulsory joinder when a mortgagor is in default on only one of several secured notes, all evidencing the same loan, would force a mortgagee either to wait until the other notes are due before foreclosing upon all mortgaged properties or, in the alternative, to lose foreclosure rights upon the security for notes not yet due.

6. Action—Splitting—Joinder—Court Rules.

   One purpose of the court rule against splitting of actions and requiring joinder of claims is the prevention of vexatious litigation (GCR 1963, 203.1).

7. Action—Splitting—Mortgages—Foreclosure.

   Plaintiff bank, which held separate mortgages on three of defendants' real estate parcels in two different counties, did not split its cause of action by foreclosing against each parcel separately, because each foreclosure was a separate action.

8. Action — Splitting — Mortgages — Foreclosure — Vexatious Litigation.

   Plaintiff bank, which held separate mortgages on three of defendants' real estate parcels in two different counties, could not be charged with indulging in vexatious litigation when, before foreclosing on two parcels in one county, it foreclosed on the third parcel in the second county only in response to another bank's foreclosing upon that same third property, it appearing that piecemeal sale of that property in which the banks shared security interests might well have reduced the value of plaintiff's mortgage on it.

Appeal from Kent, John T. Letts, J. Submitted Division 3 June 3, 1969, at Grand Rapids. (Docket Nos. 5,899, 5,900.) Decided October 2, 1969.

Complaint by Michigan National Bank, a national banking association, against Harry A. Martin and Dorothea Martin to foreclose certain real estate mortgages. Judgment for plaintiff. Defendants appeal. Affirmed.

*Miller, Johnson, Snell & Cummiskey* (*Boyd A. Henderson*, of counsel), for plaintiff.

*Murray B. De Groot*, for defendants.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

J. H. GILLIS, P. J. On November 18, 1965, defendant Harry A. Martin executed and delivered to plaintiff two promissory notes in the amounts of $50,000 and $150,000, as evidence of a debt owed plaintiff. As collateral security, defendants Martin and his wife jointly executed three separate mortgages on real estate located in Kent and Benzie counties in the State of Michigan. Each mortgage instrument covered a single parcel of real estate, namely, defendants' residence in Kent county, a leasehold interest on defendants' cottage in Benzie county and a ski resort in Benzie county. Each mortgage recited that it secured the $200,000 indebtedness.

In April, 1966, involuntary bankruptcy proceedings were commenced against the defendants. Thereafter, upon defendants' default on the notes, plaintiff commenced three separate foreclosure actions, each seeking foreclosure upon one of the parcels of real estate and a deficiency judgment. The first two actions were brought in Kent county circuit court and sought to foreclose the mortgages upon defendants' residence and cottage property. A third

action was brought in Benzie county circuit court to foreclose upon the mortgaged ski resort property. This latter action was consolidated with a foreclosure suit brought against defendants by the Manistee County Savings Bank upon a mortgage which also covered property at the ski resort.

The Benzie county action proceeded to trial, subject to defendants' objection that plaintiff had failed to join all three mortgage claims in the Benzie litigation. A judgment of foreclosure was entered and the ski resort was sold. There remained, however, a substantial indebtedness on the notes. Thereafter, in each of the Kent county cases, defendants filed a motion for accelerated judgment of dismissal, pursuant to GCR 1963, 116.1(5), upon the ground that plaintiff's claims were barred because of their merger in the prior Benzie judgment. The motions were denied and the cases were consolidated for trial. From a judgment of foreclosure entered in the consolidated cases, defendants appeal.

Defendants invoke the common-law rule against splitting a cause of action: "If the cause of action is single, it cannot be split and made the subject of several suits." *Tuttle* v. *Everhot Heater Co.* (1933), 264 Mich 60, 63. This rule is incorporated in GCR 1963, 203.1, upon which defendants principally rely, although it is there expressed in terms of joinder of claims rather than as a rule against splitting. See Committee Comment, GCR 1963, 203.1. Defendants contend that plaintiff, by its failure to foreclose upon all three mortgages in the Benzie litigation, is precluded from foreclosing upon the two additional mortgages.

The trial court was of the opinion that Rule 203.1 had not been violated. Judge Letts noted:

"I would agree that the transaction of November 18th created in the plaintiff a single cause of action

as to the debt itself, but the defendants lose sight of the fact that the action in the Benzie county case was not upon the debt itself, that having been admitted, but upon the question as to foreclosure of the mortgage. * * *

"The court in its own judgment denies that there was a splitting of a cause of action because *it is of the opinion that each foreclosure was a separate action in and of itself.*" (Emphasis added.)

We agree. Each mortgage instrument constituted a separate and distinct contract, capable of independent enforcement. So long as defendants' indebtedness remained unsatisfied, plaintiff's foreclosure in the Benzie action did not preclude subsequent foreclosure upon the additional mortgages in the Kent county litigation.

In 1 CJS, Actions, § 103(c)(6), pp 1324, 1325, we find stated:

"The holder of a secured obligation may maintain separate actions on the obligation and on the security, and, *if there are several, on the different securities without splitting his cause of action.* (Emphasis added.) * * *

"Different mortgages constitute different contracts so that a suit to foreclose one will not preclude another suit to foreclose the other."

Of like import is 59 CJS, Mortgages, § 489, p 773:

"[T]wo or more mortgages or separate properties to secure the same debt may be foreclosed successively until the debt is satisfied."

See also 59 CJS, Mortgages, § 705, p 1284; 10 Thompson on Real Property, § 5125, p 8.

Defendants have not cited any authority which would apply the rule against splitting to bar successive foreclosures upon separate mortgage instruments. *Dooly* v. *Eastman* (1902), 28 Wash 564 (68

P 1039), relied upon by defendants, is distinguishable, since there the mortgagee held but a single mortgage which covered several tracts of land.   It was held that, where one holding a single mortgage upon two tracts of land foreclosed against one only, he thereby waived any right to later foreclose upon the other tract.   In the instant case, plaintiff held not one, but three separate mortgages.   *Cf. Tacoma Savings Bank & Trust Co.* v. *Safety Inv. Co.* (1923), 123 Wash 481 (212 P 726).   Moreover, we have found several cases which reject the same argument made here by defendants.   See *Koppang* v. *Steenerson* (1907), 100 Minn 239 (111 NW 153); *Union Central Life Ins. Co.* v. *Drake* (CA 8, 1914), 214 F 536; *Miller* v. *Wentz* (1944), 194 Okla 280 (149 P2d 778).

Although of ancient vintage, the words of Mr. Chief Justice COOLEY in *McKinney* v. *Miller* (1869), 19 Mich 142, 152, are appropriate.   We acknowledge their continuing validity after one hundred years.

"One who holds several mortgages as mortgagee, to secure a single debt, may foreclose either of them at his option separately until his debt is satisfied."

This is not to say that a mortgagee who holds several mortgages securing the same debt must foreclose each mortgage in separate actions. Cases may arise in which it would be convenient to join foreclosures upon separate mortgages in one action.   Indeed, upon plaintiff's motion, the two suits brought in Kent county were consolidated for trial.   However, there may also arise cases in which adoption of any rule of compulsory joinder would work serious hardship on both mortgagor and mortgagee.   Where one of several mortgaged properties, if sold upon foreclosure, would yield funds sufficient to satisfy the principal debt, requiring foreclosure

upon all properties would needlessly involve the additional properties in litigation. Also, where the mortgagor is in default on only one of several secured notes, all evidencing the some loan, a rule of compulsory joinder would force a mortgagee either to wait until the other notes are due before foreclosing upon all mortgaged properties or, in the alternative, to lose foreclosure rights upon the security for notes not yet due. *Cf. Tacoma Savings Bank & Trust Co.* v. *Safety Inv. Co.* (1923), 123 Wash 481 (212 P 726). We cannot adopt a rule which compels such unfortunate results.

Furthermore, the policies which support rules against splitting of claims and rules requiring joinder were not offended by plaintiff's conduct in this case. One such policy is prevention of vexatious litigation. *LaBour* v. *Michigan National Bank* (1952), 335 Mich 298. However, plaintiff commenced foreclosure in Benzie county only in response to the Manistee County Savings Bank's foreclosure action upon the same ski resort. The Manistee bank and plaintiff shared security interests in the same property. Since piecemeal sale of the resort property might well have reduced the value of plaintiff's mortgage on that property, plaintiff commenced its Benzie action. We cannot charge plaintiff with indulging in vexatious litigation.

Since the trial court in these consolidated cases should be affirmed on the merits, it is unnecessary to consider plaintiff's contention that defendants, by their failure to appeal the refusal of the Benzie county court to require joinder, waived their objection to nonjoinder in the present cases.

Affirmed. Costs to appellee.

All concurred.