John Skach, Plaintiff-Appellee, *v.* Melvin L. Lydon *et al.*, Defendants-Appellants.

(No. 58059; 

First District (4th Division)—December 19, 1973.

Barclay, Damisch & Sinson, Ltd., of Chicago (John W. Damisch, Theodore W. Wrobleski, and Allan Peters, of counsel), for appellants.

Frederick S. Stein and Howard C. Emmerman, both of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Defendants appeal from a denial of their petitions under section 72 of the Civil Practice Act,[1] to vacate a decree of mortgage foreclosure and sale. The following issues are presented for review:

"(1) Whether a mortgage foreclosure and sale should be vacated on a petition under Section 72 of the Civil Practice Act where the complaint was defective in that the mortgage and note upon which the suit was brought were not attached to the complaint or recited in it;

(2) Whether the mortgage foreclosure and sale should be vacated on petitions under Section 72 of the Civil Practice Act where the petitions presented new evidence which had a substantial bearing upon what would constitute substantial justice to the parties involved;

(3) Whether a decree of foreclosure is void as exceeding the jurisdiction of the court where plaintiff failed to follow the procedure required for obtaining a decree of foreclosure in that a copy of the mortgage and note were never presented to the court as specifically required by statute."

Melvin J. Lydon and Lylas R. Lydon had first and second mortgages on their home located at 1018 North Douglas in Arlington Heights, Illinois. The first mortgage, recorded June 28, 1966, was for $13,000 with the Unity Savings & Loan Association; the second, recorded March 13, 1967, was for $2,000 with plaintiff-appellee, John Skach.

The Lydons fell into arrears on the $2,000 mortgage and, on September 29, 1970, Skach filed a complaint against them to foreclose on his mortgage. Melvin J. Lydon was served personally on October 3, 1970, and

---

[1] Ill. Rev. Stat. 1971, ch. 110, § 72.

filed his *pro se* appearance on October 30, 1970. Lylas R. Lydon was served by publication.

On January 8, 1971, Skach filed his affidavit of proof pursuant to Ill. Rev. Stat. 1971, ch. 95, § 22B and proffered the original note and the original mortgage into evidence. The Lydons neither responded to the complaint nor offered any evidence of their own; therefore an order of default was entered against Lylas R. Lydon for failure to appear and against Melvin J. Lydon for failure to plead. At the conclusion of the hearing, the court entered a decree of foreclosure and sale.

Pursuant to the decree, a sheriff's sale was held on February 2, 1971, at which Skach was the highest bidder. The sheriff's report of sale and distribution was approved by the court on July 7, 1971. On December 7, 1971, the redemption period prescribed in the foreclosure decree expired. The Lydons did not redeem from sale and, on December 9, 1971, a Sheriff's Deed to the property was issued to John Skach. Skach sought a writ of assistance to put him into possession of the property on May 25, 1972. Again the Lydons were served with notice but did not answer or appear. On May 25, 1972, the court ordered that the writ of assistance issue.

On July 18, 1972, the Lydons filed a petition to vacate the decree of foreclosure and sale of July 7, 1971, under section 72 of the Civil Practice Act. Their petition alleged that the plaintiff's complaint and affidavit were defective because the mortgage and note were not attached thereto as required by the Illinois Mortgage and Foreclosure Act.[2] Defendants further alleged that, at or about the time of the hearing, plaintiff advised Melvin J. Lydon that he need not fear that the house would be taken as long as he made all monthly payments to the Unity Savings & Loan Association on the first mortgage. Lydon claimed that he continued to make all monthly payments to Unity, in reliance upon plaintiff's alleged promise, until he was served with notice of plaintiff's petition for a writ of assistance on May 25, 1972. After hearing arguments on both sides, the court, on July 26, 1972, denied defendants' petition and reinstated the writ of assistance.

Defendants filed another motion to vacate the foreclosure decree on August 15, 1972, alleging newly discovered evidence which, if known to the court at the time of judgment, would have prevented its rendition. The new evidence presented by the defendants was the existence of a prior judgment entered between the same parties on the note accompanying the mortgage. Defendants' petition further stated that the reason the note was not attached to the complaint to foreclose was that the note was

---

[2] Ill. Rev. Stat. 1971, ch. 95, § 23.6.

a part of the record in the action on the note. On August 15, 1972, the court again denied the defendants' petition. A writ of assistance issued and Lydon was removed from the house.

Defendants appeal from the court's refusals, on July 26, 1972 and August 15, 1972, to grant relief under section 72 on two grounds: (1) Plaintiff's complaint was defective in that the mortgage and note upon which the action was brought were not attached to it, and (2) new evidence was discovered which had a substantial bearing upon what would constitute substantial justice to the parties involved. Defendants further contend in this appeal that the failure of plaintiff to attach the mortgage and note to the complaint rendered the entire proceedings void because the court exceeded its jurisdiction.

■■ Section 72 of the Civil Practice Act provides a method whereby relief may be had from final orders, judgments and decrees after 30 days from the entry thereof. The burden is on the petitioner in a section 72 petition to show diligence in asserting his defense, if any; section 72 is not intended to relieve a defendant from the consequences of his own negligence. *Goldman v. Checker Taxi Co., Inc.* (1967), 84 Ill.App.2d 318, 228 N.E.2d 177; *Suarez v. Yellow Cab Co.* (1969), 112 Ill.App.2d 390, 251 N.E.2d 340.

■■ The record discloses that the Lydons failed to exercise diligence. Melvin J. Lydon was served personally with summons on October 3, 1970, and filed his *pro se* appearance on October 30, 1970. Lylas R. Lydon was duly served by publication. During the 90 days which elapsed from the time of personal service on Melvin J. Lydon to the date of the foreclosure decree, neither of the Lydons filed any pleadings or motions, appeared, or presented any defense. In addition to service of procsss, Melvin J. Lydon was served with a notice of motion for entry of a default order on January 8, 1971; he did not attend or present any defense. He was served personally with a notice of the presentation of the petition for a writ of assistance on May 25, 1972; he did not attend or present any defense. The Lydons had twelve months from the date of sale on February 2, 1971, to redeem the property from sale; again they did nothing.

The Lydons did not object to the plaintiff's failure to attach the exhibits to the complaint until they filed their section 72 petition, some twenty months after they were first served. They contend that their delay in coming forth was the result of false assurances given them by the plaintiff; but the trial court, after hearing all the evidence, concluded that it did not warrant granting the section 72 petition.

A petition under section 72 is addressed to the sound legal discretion of the trial court, and a reviewing court will not interfere with its ruling

unless there is an abuse of that discretion. (*Goldman v. Checker Taxi Co., Inc.* (1967), 84 Ill.App.2d 318, 228 N.E.2d 177; *Bruni v. Department of Registration and Education* (1972), 8 Ill.App.3d 321, 290 N.E.2d 295.) The trial court found that defendants did not act with diligence. We hold that it did not abuse its discretion in refusing to grant defendants' petition attacking the sufficiency of the complaint.

Defendants' second argument in support of their section 72 petition alleges new evidence which, if known to the court at the time of judgment, would have prevented its rendition. The new evidence relied upon by defendants was the existence of a prior judgment between the parties on the note accompanying the mortgage. They argue that had the court been apprised of the existence of the first mortgage and the judgment, it is likely that the court may have been less willing to foreclose.

■■ The trial court denied the petition after it became aware of the prior judgment. It is well established that the holder of a note secured by a mortgage may, on default, sue to foreclose the mortgage and also sue separately on the note itself. He is limited to one satisfaction but may pursue remedies on both the mortgage and the note cumulatively. (*Markus v. Chicago Title & Trust Co.* (1940), 373 Ill. 557, 27 N.E.2d 463, 128 A.L.R. 567.) Thus, we conclude that the denial of the petition alleging new evidence was well founded in law and a valid exercise of the court's discretion.

Finally, defendants contend that the plaintiff's failure to attach the mortgage and note to the complaint renders the entire proceedings void because the court exceeded its jurisdiction. Defendants argue that, under section 23.6 of the Illinois Mortgage and Foreclosure Act, attachment of the note and mortgage to the complaint are jurisdictional prerequisites in an action to foreclose. Plaintiff asserts, however, that he did comply with that statute because the documents, though apparently not attached, were in fact offered and received into evidence without objection at the January 8, 1971, hearing.

Section 42(2) of the Civil Practice Act provides:

> "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." Ill. Rev. Stat. 1971, ch. 110, § 42(2).

Moreover, section 42(3) of the Civil Practice Act provide that all defects in pleading not objected to in the trial court are waived. Ill. Rev. Stat. 1971, ch. 110, § 42(3).

■■ The record discloses that the complaint amply informed defendants of the claim against them: The note and mortgage are specifically described by date, name of mortgagor and mortgagee, registrar's number

and date of registration, legal description of the mortgaged premises and amount of indebtedness. Furthermore, the note and mortgage were submitted and received into evidence, without objection, at the hearing of January 8, 1971.

In view of the foregoing, we hold that the foreclosure decree was within the court's jurisdiction. The complaint adequately informed the defendants of the claim against them and was received into evidence by the court. The cases cited by defendants do not warrant a different conclusion.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and ADESKO, J., concur.