ROBERT WEBB, Plaintiff-Appellant, v. RONALD SWICK et al., Defendants-Appellees.

(No. 59412;

First District (3rd Division)—December 5, 1974.

Michael W. Schaefer, of Gordon, Brustin & Schaefer, Ltd., of Chicago, for appellant.

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from the denial of plaintiff's section 72 motion (Ill. Rev. Stat. 1973, ch. 110, par. 72) to vacate an ex parte order of dismissal the court entered upon the defendants' motion to strike and dismiss plaintiff's complaint. Plaintiff contends that the court abused its discretion in denying his section 72 motion, that the court improperly granted defendants' motion to strike and dismiss plaintiff's complaint, and that the statute (Ill. Rev. Stat. 1965, ch. 85, par. 8—102) relied upon in defendants' motion is violative of the protections afforded in the Constitutions of the United States and the State of Illinois.

We affirm.

The undisputed facts of this case are as follows. On June 2, 1971 plaintiff commenced this action against defendants to recover damages allegedly caused by the conduct of defendants, two Chicago police officers, on July 5, 1968. On February 9, 1973, a hearing was scheduled for defendants' motion to dismiss the complaint for plaintiff' failure to comply with the statutory notice provisions of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85, par. 8—102), since defendants were municipal employees at the time of the complained of incident. Plaintiff's counsel alleges that he had departed the designated courtroom for a short time, after having first asked that the hearing be delayed for a short period of time. Counsel returned "a short period of time" later to find that defendants' motion had been granted ex parte and plaintiff's complaint had been dismissed. On the 30th day after the order, plaintiff's notice of motion to vacate the ex parte order was served upon defendants and plaintiff's lawyer's clerk spindled the matter to come up for hearing by the court on March 13, 1973. At the hearing, the trial court refused to entertain plaintiff's motion because such motions may be brought to the trial court only within 30 days of an order or judgment, noting that the motion was presented on the 31st day.

Subsequently, plaintiff moved under section 72 of the Civil Practice Act to vacate the ex parte order of dismissal of February 9, 1973. The court heard arguments on the motion and found that plaintiff was not

entitled to relief under section 72 and denied the motion. Plaintiff appeals only from the denial of his section 72 motion.

Plaintiff's first allegation of error is that the trial court abused its discretion in denying plaintiff's section 72 motion. The court found that the plaintiff was not diligent in presenting a motion to vacate the prior order, and had not properly alleged a meritorious defense pursuant to section 72 of the Civil Practice Act.

■■ A petition under section 72, although filed in the original proceeding, is not a continuation thereof, but is treated as a new action. It has the limited function of bringing to the court's attention facts not appearing of record which, if known to the court at the time of its order, would have prevented rendition of the order. (*People v. Stevens* (1970), 127 Ill.App.2d 415, 419.) The petitioner must allege ultimate facts in his petition which reveal both a meritorious defense in the original action and the exercise of due diligence in presenting such a defense. (*Hall v. Hall* (1973), 15 Ill.App.3d 599, 602.) Such a petition is addressed to the sound discretion of the court, whose ruling will not be interfered with unless there was an abuse of that discretion. *Skach v. Lydon* (1973), 16 Ill.App.3d 610.

In the instant case, the trial court entered an ex parte order upon defendants' motion to strike and dismiss plaintiff's complaint for failure to comply with the statutory notice requirements of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85, par. 8—102). This section provides that "* * * any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employees caused the injury," must serve notice upon the local public entity within six months of the date the cause of action arose. The court's order stated that the court was "advised in the premises" and that there was "no insurance in the matter as to the Police Department of the City of Chicago." To properly allege a meritorious defense to defendants' motion, plaintiff should have alleged sufficient facts not appearing of record which, if known to the trial court would have prevented the court's order dismissing plaintiff's complaint.

With regard to his defense to defendants' motion, plaintiff's affidavit accompanying his section 72 motion states:

"That the dismissal was apparently based upon statute [*sic*] of the State of Illinois which is not applicable to this cause of action or if held to be applicable said statute would be in violation of the protections afforded in both the Illinois and the United States Constitutions."

Defendants argue in support of the court's ruling that plaintiff's petition merely states legal conclusions which are insufficient to support a section 72 motion.

In *Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill.App.3d 573, 577, the court wrote:

> "The decisions are numerous holding that the grounds and facts upon which the merits of the defense arise must be stated so that the court will be able to judge the merits of such defense. [Citations.]"

In that case, the petitioner's allegation that she "was not responsible for the injuries" was held to be nonfactual, and a conclusion of the pleader which was an insufficient showing of a good and meritorious defense under section 72.

■■ In the case at bar, we reach a similar conclusion, and hold that plaintiff's bare allegations that the notice statute involved (Ill. Rev. Stat. 1965, ch. 85, par. 8—102) was "not applicable to this cause of action" and unconstitutional were insufficient to state sufficient facts to properly allege a meritorious defense to defendants' motion to dismiss plaintiff's complaint for failure to comply with the notice statute. Accordingly the court below did not err in denying plaintiff's section 72 motion.

Although plaintiff argues that this court should exercise its equitable powers to prevent injustice, we feel that the circuit court properly exercised its power in this case, and we decline to interfere.

■■ In passing, we note that plaintiff has failed to file either excerpts from the record or an abstract of record with this court, as provided for in Supreme Court Rule 342(b). Although we would have been warranted in dismissing the instant appeal for such a failure, we chose to consider the case on its merits. The same result would have been obtained. *Denenberg v. Prudence Mutual Casualty Co.* (1970), 120 Ill.App.2d 68; *Frederick Chusid & Co. v. Collins Tuttle & Co., Inc.* (1973), 10 Ill.App.3d 818, 295 N.E.2d 74.

■■ Plaintiff's remaining contentions concerning the propriety of the circuit court's granting of defendants' motion are raised for the first time on appeal, and therefore will not be considered.

For the abovementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA, P. J., and MEJDA, J., concur.