EASTERN ILLINOIS TRUST AND SAVINGS BANK, Plaintiff-Appellant,
v. JACK L. VICKERY *et al.*, Defendants-Appellees (The City of Momence
*et al.*, Defendants).

Third District   No. 3—87—0035

Opinion filed November 16, 1987.—Modified opinion filed January 11,
1988.—Rehearing denied January 13, 1988.

James T. Burns, of Kankakee, and Jeffrey D. Coleman, of Jenner &
Block, of Chicago (Norman M. Hirsch, of counsel), for appellant.

Jack L. Vickery and Shirley J. Vickery, both of Momence, appellees
*pro se.*

JUSTICE SCOTT delivered the opinion of the court:

Plaintiff-appellant, Eastern Illinois Trust and Savings Bank, appeals an order of the circuit court of Kankakee County granting summary judgment to the defendants-appellees and dismissing Eastern's complaint to foreclose a deed of trust on property owned by Jack and Shirley Vickery in Kankakee County. The sole issue presented for review is whether a creditor is barred from foreclosing a mortgage after judgment is obtained on a mortgage given on a different piece of property securing the note underlying both mortgages.

In October 1979, Eastern Illinois Trust and Savings Bank loaned Jack and Shirley Vickery the sum of $32,775.01. As security for the

loan, the Vickerys gave Eastern a deed of trust for two properties located in Kankakee County and a mortgage on property located in Indiana. After the loan went into default, Eastern filed a complaint in the circuit court of Lake County, Indiana, to foreclose the mortgage on the Indiana property. In July 1984, Eastern obtained a judgment from the Indiana court in the amount of $45,465.46, and the mortgage was foreclosed. Following a sheriff's sale of the property at which Eastern bid $2,800 and received a deed, Eastern registered the Indiana judgment in the circuit court of Kankakee County.

In November 1984, Eastern brought an action in the circuit court of Kankakee County to foreclose the deed of trust on the two properties in Illinois. Prior to trial in August 1986, the Vickerys filed a motion for summary judgment contending that the Indiana foreclosure action merged the underlying note into the Indiana judgment and accordingly there was no existing debt to support the mortgage in Illinois. The trial court granted summary judgment and Eastern thereafter filed a motion to vacate the order. Following hearing on the motion, the trial court denied Eastern's motion to vacate and entered its final order in January 1987.

■ It is well settled that a mortgagee in Illinois may sue on the note underlying the mortgage and also may sue to foreclose the mortgage, but is limited to one satisfaction; further, that electing to pursue one remedy does not bar the other until the underlying indebtedness is extinguished. (*Farmer City State Bank v. Champaign National Bank* (1985), 138 Ill. App. 3d 847, 486 N.E.2d 301; *Skach v. Lydon* (1973), 16 Ill. App. 3d 610, 306 N.E.2d 482.) In the instant cause, however, two mortgages on two separate properties were given by the Vickerys to Eastern as security on one underlying note. The record reveals that complete satisfaction of the underlying indebtedness was not obtained as a result of the Indiana foreclosure action. The Vickerys' indebtedness was reduced by $2,800, leaving nearly $43,000 remaining in default.

Our courts have not addressed the instant situation wherein successive foreclosure actions are brought based on two separate mortgages on two separate properties in two States which secure the same note. Courts in jurisdictions which have reviewed this issue, however, consistently conclude that successive foreclosure actions are proper when the underlying indebtedness remains unsatisfied at the conclusion of the prior foreclosure. *Metropolitan Federal Savings & Loan Association v. Adams* (Minn. App. 1984), 356 N.W.2d 415; *Tuller v. Nantahala Park Co.* (1981), 276 S.C. 667, 281 S.E.2d 474; *Symon v. Charleston Capital Corp.* (Fla. App. 1970), 242 So. 2d 765;

*Michigan National Bank v. Martin* (1969), 19 Mich. App. 458, 172 N.W.2d 920.

■■ In the instant cause, neither the Indiana court nor the Illinois court could have foreclosed both mortgages, as a court does not have power to foreclose land which is not within its jurisdiction. To hold that Eastern is precluded from bringing foreclosure proceedings in Illinois following prosecution of its Indiana foreclosure action denies it the benefit of the security it bargained for in the loan transaction. Clearly, both parties intended the mortgages to secure the entire indebtedness, not merely a portion of the debt. So long as that indebtedness or a portion thereof remains unsatisfied, we find it proper to allow Eastern to pursue a foreclosure action based on the Illinois mortgage.

Based on the foregoing, we reverse the order of the circuit court of Kankakee County dismissing Eastern's complaint and remand the case for continuation on the merits.

Reversed and remanded.

HEIPLE and STOUDER, JJ., concur.