## CIRCUIT COURT OF WISE COUNTY

Herman Beverly
and Mazie Beverly

v.

Kenneth P. Asbury, Trustee,
and Sovran Bank, N.A.

February 5, 1988

Case No. C87-506

By JUDGE J. ROBERT STUMP

Plaintiffs, grantor-debtors, complain that a deed of trust should be declared void as to tract one because tracts three and four were previously sold at foreclosure sale by the trustee for the bank.

Defendants' demurrer on the grounds that the designated trustee in a deed of trust has the power and discretion to conduct multiple foreclosure sales on separate tracts of land until the secured indebtedness satisfies the beneficiary in full.

This issue is an apparent first impression in Virginia. The court must look for guidance to the written terms of the deed of trust; Va. Code Sections 55-58 through 55-60, construing the duties and rights of parties in the deed of trust; and other state court decisions.

The purpose of the deed of trust is "to secure the performance of each of the covenants entered into by the grantor as well as the payment of the primary obligation." Va. Code § 55-59(1). Here grantors conveyed four separate tracts of land to the trustee to secure the payment of $120,000.00 to the bank. The first foreclosure sale did not bring enough to satisfy the debt in full.

In *Dupuy v. Western State Bank*, 221 Neb. 230, 375 N.W.2d 909 (1985), the Supreme Court of Nebraska, construing a mortgage, which is a more restricted and complicated security lien than Virginia's simplified method of utilizing the deed of trust, held:

> mortgage document encompassing · three parcels of real estate encumbered those individual parcels with liens enforceable to extent of debt, without necessity of three separate instruments, and thus, mortgagor, by foreclosing against one parcel, did not waive its right to later foreclose against other parcels to recover balance due.

See also *Michigan Nat'l. Bank v. Martin*, 19 Mich. App. 458, 172 N.W.2d 920 (1969).

A trustee under a deed of trust in Virginia is a fiduciary of both the secured party and of the debtors and is bound to act impartially between them. The trustee owes a duty to both parties to obtain the best price for each piece of property upon which he forecloses. *Muller's Adm'r. v. Stone*, 84 Va. 834, 6 S.E. 223 (1888).

If a trustee can sell only one tract of land and satisfy the debt in full, this is a benefit and an advantage to the grantor-debtor. Likewise, it is common sense that if the trustee's foreclosure of one tract does not fully satisfy the debt, then the bank-beneficiary should be able to sell other parcel(s) included in the deed of trust to secure the payment of the primary obligation.

Virginia Code § 55-59(6), made part of this deed of trust by law and specifically in writing, grants the trustee discretion "In the event of default. . . may take possession of the property and proceed to sell the same at auction. . . as the trustee may select upon such terms and conditions as the trustee may deem best."

Therefore, the court is of the opinion that the trustee under a deed of trust has discretion to select and sell those parcels which will bring the most money to fully satisfy the debt, and if insufficient, may sell remaining parcels in a subsequent separate foreclosure proceeding.

The court sustains defendants' demurrer and dismisses the bill of complaint.