PORTH *v*. CADILLAC MOTOR CAR CO.

1. APPEAL AND ERROR—DIRECTED VERDICT.

On a motion for a directed verdict for defendant, the testimony most favorable to plaintiff must be accepted.

2. MASTER AND SERVANT—PERSONAL INJURIES—NEGLIGENCE—FELLOW SERVANT—ALTER EGO.

In an action for personal injuries received by an employee as the result of the falling of a scaffold due to the absence of a bolt in a steel beam on which the platform rested, testimony that the employee in charge of the work was superintending the same and was the only one in charge, *held*, sufficient to justify the jury in finding that he was the representative of the master and not a fellow-servant of plaintiff, although he may have received orders from some superior.

3. SAME—RES JUDICATA—SAFE PLACE—ASSUMPTION OF RISK.

*Held*, that the doctrine of safe place, as applied to construc-

tion work, and the question of assumption of risk, were determined in the former decision of this case by this court (198 Mich. 501).

4. SAME—CONTRIBUTORY NEGLIGENCE—NOTICE OF DEFECT—NO DUTY ON EMPLOYEE TO INSPECT.

Where plaintiff was not at work near the point where the bolt was missing, and knew nothing of the defect, it cannot be said that he was guilty of contributory negligence, as a matter of law, because he failed to inspect the work before going upon the platform; there being no duty upon plaintiff to inspect under the facts of the case.

5. APPEAL AND ERROR — ACTION — PLEADING—ASSUMPSIT—TORT—HARMLESS ERROR.

Where, upon the record, it is a reasonably close question as to whether the declaration should be in assumpsit instead of tort, and the question of damages was submitted to the jury in accordance with the request and insistence of defendant's counsel, and it is not pointed out wherein defendant was in any way prejudiced, the judgment for plaintiff will not therefor be reversed.

6. ACTION—SPLITTING CAUSE OF ACTION—DAMAGES SUBSEQUENT TO DATE OF SETTLEMENT.

By accepting compensation for one year for personal injuries, plaintiff is not thereby precluded, on the ground of splitting his cause of action, from bringing an action for his damages, where there was an understanding that if he had not recovered at the expiration of the year he would in the future be paid reasonable compensation, or the question of further compensation beyond that period should be left open.

7. DAMAGES—MEASURE OF DAMAGES—DEDUCTION OF INTEREST ON FORMER PAYMENT—RES JUDICATA.

The former decision of the Supreme Court that if, on the new trial, the damages found by the jury exceeded the total amount previously paid, those payments, with interest at 5 per cent., should be deducted, became the law of the case and should have been applied by the trial judge.

8. SAME—CONDITIONAL JUDGMENT.

Where the trial court deducted the principal payment but not the interest, the judgment will be modified in this court by deducting the interest and affirmed conditionally.

9. NEW TRIAL—GREAT WEIGHT OF THE EVIDENCE.
  The Supreme Court does not try the facts, and that a different result might have been reached on the evidence is insufficient for reversal unless the verdict is clearly and manifestly against the great weight of the evidence.

10. SAME.
  *Held*, that the evidence is not so clearly and overwhelmingly in favor of defendant as to justify setting aside verdict for plaintiff.

Error to Wayne; Hart (Ray), J., presiding. Submitted January 6, 1920. (Docket No. 7.) Decided February 27. 1920.

Case by William Porth against the Cadillac Motor Car Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed, conditionally.

*Keena, Lightner, Oxtoby & Hanley,* for appellant.

*Dohany & Dohany* (*William G. Fitzpatrick*, of counsel), for appellee.

FELLOWS, J. This case is before us for a second time. See *Porth v. Cadillac Motor Car Co.*, 198 Mich. 501. The facts, which are not in legal effect materially different upon this record than upon the former one, are fully stated in the former opinion and need not be here repeated. It should be stated, however, preliminary to a consideration of the questions raised, that the accident occurred on September 16, 1911, prior to the enactment of the workmen's compensation act (2 Comp. Laws 1915, § 5423 *et seq.*), and that the common-law defenses are available to the defendant. Upon the second trial plaintiff had judgment which the defendant reviews upon this writ of error. The grounds upon which reversal is sought, briefly stated, are as follows:

(1) That Butler was a fellow-servant of plaintiff, and the negligence was that of a fellow-servant.

(2) That in construction work the master is not required to furnish a safe place.

(3) That defendant assumed the risk of using the channel iron as a support for the scaffold as it was only required to be strong enough for the purpose for which it was intended.

(4) That plaintiff assumed the risk of the scaffold falling and the negligence of his fellow-employees.

(5) That plaintiff was guilty of contributory negligence.

(6) That plaintiff's cause of action was merged in a contract, and that he cannot recover in a declaration for tort.

(7) That the court erred in not crediting defendant with interest on the $2,500 paid to plaintiff.

(8) That the verdict is against the overwhelming weight of the evidence.

We will consider these questions in their order, having in mind the well settled rule that the former decision of this court settled the law of the case in so far as the questions were raised and disposed of in that decision. *Culver* v. *Railroad Co.,* 144 Mich. 254; *Curtiss* v. *Curtiss,* 143 Mich. 676; *Quirk* v. *Railway,* 137 Mich. 493; *Pierce* v. *Underwood,* 112 Mich. 186.

1. While this question was not raised and argued upon the former hearing it was necessarily involved. We there said:

"So far as the record discloses Butler was the only representative of defendant on the premises in authority. He was in charge of and superintending the work it was doing; notice could only be given to this corporation by notice to its authorized representative or agent in the line of that to which the notice related. The testimony tends to show that his position was such that notice to him of this defect in the steel work was notice to defendant."

If this question is now open to defendant under the circumstances we are satisfied that sufficient appears

upon this record to establish both the authority of Butler and notice to him of the defect. The testimony of plaintiff and other workmen and of Butler himself, if believed, establishes that he was the representative of the master, the one, and the only one, in charge of and superintending the work it was doing. The fact that he had superiors does appear. But upon a motion to direct a verdict for the defendant, the manner in which the question is here raised, the testimony most favorable to the plaintiff must be accepted; and even though Butler may have received orders from some superior, the work in hand had been committed to his charge and in the performance of the work he was the representative of the master and not the fellow-workman of the plaintiff.

2, 3, 4, 5. We will consider these grounds together. We think it may be stated that the doctrine of safe place as applied to construction work, and the question of assumption of risk, were fairly before the court and were determined when the case was here before; we have also pointed out that if plaintiff's testimony and that of his witnesses was believed, Butler was not the fellow-servant of the plaintiff but was the representative of the master. At this point it should be stated that it is the claim of the plaintiff that he was below the level of where the scaffold was being laid, and that he handed the plank up to others; he was not at work and was not near the point where the beam or channel iron was insecurely fastened—where the bolt was missing—and knew nothing of the defect. After the scaffold was laid, he came up from below, went upon it, when it fell. Unless we hold that it was his duty to inspect the channel iron and the manner in which it was bolted we do not perceive how we can say as matter of law that plaintiff was guilty of contributory negligence. We think the duty to inspect did not rest upon plaintiff under the facts in this case.

6. The claims of the respective parties as to the terms of the settlement and as to what was settled are fully stated in the former opinion. They need not be here repeated; a reference to pages 505, 506, and 507 of the former opinion will disclose them. Defendant's counsel insists that if plaintiff's version is correct his cause of action was merged into a contract, an agreement to pay the damages occasioned plaintiff, and that the declaration should therefore be in assumpsit instead of in tort. It is a reasonably close question upon the present record whether it may not be said that the testimony upon the question of settlement leaves it open to two constructions or inferences, viz.: (1) that it was agreed that if plaintiff had not recovered at the end of a year, reasonable compensation for his damages beyond that period would be paid; (2) that if he did not recover in a year the question of his future damages was left open. If the first construction should obtain, an action of assumpsit would be appropriate; if the second should obtain, an action in tort would be proper. But it is not pointed out wherein defendant was in any way prejudiced upon the trial by the form of the declaration. It is not pointed out that the measure of damages would be different for a breach of contract to pay for such damages as plaintiff suffered, and the amount of such damages in an action of tort, and, as we shall presently see, the manner in which the question of damages was submitted to the jury, the way the jury should compute them, if they found for the plaintiff, was in accordance with the request and insistence of defendant's counsel. It has long been the practice of this court in civil cases not to reverse cases for errors which do not prejudice the complaining party.

But it is insisted that the doctrine of splitting causes of action should be applied; that plaintiff cannot split his cause of action; and that under his claim

such is the instant case.  We cannot follow counsel in-his contention.  While this court has on occasion held that a single cause of action cannot be split into numerous causes of action and successive suits brought for the constituent parts, it does not follow that by accepting compensation for one year he is precluded from bringing an action for his damages when there was an understanding that if he had not recovered at the expiration of that period he would in the future be paid reasonable compensation, or if the question of further compensation beyond that period was left open. Under the facts as to the settlement as claimed by plaintiff the rule preventing the splitting of causes of action does not apply.

7. After the proofs were in it was insisted by defendant's counsel that the case should be submitted as the ordinary negligence case is submitted; that the jury if they found for the plaintiff should determine the amount of the damages; that if a verdict was rendered for plaintiff the court should deduct from such verdict the amount defendant should be credited with and enter judgment for the balance.  After some discussion this procedure was agreed to.  The jury rendered a verdict for $8,000.  The trial judge from this amount deducted the sum of $2,500 paid plaintiff January 27, 1912, nine monthly payments of $45 each, $405, interest on the last named sum $110.92, but declined to also deduct interest on the sum of $2,500, and directed the entry of judgment for $4,984.08.  Defendant's counsel cannot and does not question the propriety of this procedure; what he does assign error upon is the action of the trial judge in refusing to allow interest on the $2,500 paid plaintiff before and on January 27, 1912.  Plaintiff's counsel seek to sustain this action of the trial judge on the theory that this court held when the case was here before that tender of this sum to defendant was not necessary.

What this court held was that tender of this sum to the defendant was not necessary as a condition to bringing the action. When the case was here before we expressly stated:

"If his version of the agreement and significance of the subsequent payments made to him prevailed, those payments with interest at 5 per cent. per annum should be deducted in case the damages found by the jury exceeded the total amount previously paid him."

Under the procedure adopted the jury found the amount the plaintiff was that day entitled to recover from the defendant, and all that he was entitled that day to receive. Manifestly if he had been paid a portion of that amount many years before, defendant was entitled to interest on the sum so advanced and paid. We so held when the case was here before. It is the law of the case; it should have been applied.

8. When the case was here before the question of whether the verdict was against the great weight of the evidence was raised. The case was reversed for other reasons and the question was not discussed. Counsel for defendant has made a most ingenious argument which might be persuasive if we were the triers of the facts. But we can reverse on this ground only when the verdict is clearly and manifestly against the weight of the evidence; we cannot reverse on this ground solely because we would have reached a different result. We should not overlook the fact that two juries have found the facts to be as claimed by the plaintiff, nor the further fact that two trial judges who saw the witnesses and heard their testimony have declined to disturb the verdicts. We have read this ample record consisting of 492 pages with this assignment of error in view and are not persuaded that the evidence so clearly and overwhelmingly preponderates in favor of the defendant as to justify us in setting aside this verdict.

From what has been said it follows that the judgment should be reduced by the interest on $2,500 from January 27, 1912, to November 26, 1918, the date of the judgment.   Upon remitting that amount the judgment will be affirmed; otherwise it will be reversed. Defendant will recover costs of this court in either event.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD. and SHARPE, JJ., concurred.