STRECH *v.* BLISSFIELD COMMUNITY SCHOOLS DISTRICT.

1. JUDGMENT—RES JUDICATA.
   The defense of *res judicata* applies not only to issues which were determined on their merits but also to matters which the parties had an opportunity to present for adjudication on the merits.

2. FRAUD—PLEADING—PRESUMPTIONS.
   Allegation in bill of complaint to set aside an award in condemnation proceedings on the ground of fraud *held,* not

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 30A Am Jur, Judgments §§ 375, 376.
[2] 24 Am Jur, Fraud and Deceit § 256.
[3, 4] 31 Am Jur, Jury § 229 *et seq.*
[5] 31 Am Jur, Jury § 231.

substantiated, where no facts supporting such an allegation are found in the bill and the facts alleged, taken as true, do not constitute fraud, fraud not being presumed.

3. EMINENT DOMAIN—SCHOOL DISTRICTS—CHALLENGE OF JURORS.
   Statute empowering school districts to condemn private prop-erty for use of the district, which provides standards as to disqualifications of jurors for cause, which are sufficient to justify determination of whether or not a proposed juror is in a position to enter a fair and just verdict is constitutional, since it meets all the requirements of the constitutional pro-visions, peremptory challenges of jurors in civil proceedings not being a requirement of due process (US Const, ams 5, 14; Mich Const 1908, art 2, § 16; art 13, §§ 1, 2; CLS 1956, § 340.714; CL 1948, § 602.19).

4. JURY—CHALLENGES FOR CAUSE—PEREMPTORY CHALLENGES.
   Challenges for cause are necessary in all inquiries by jury, but peremptory challenges in other than criminal proceedings are confined to cases where the statutes have directly provided for them.

5. SAME—PEREMPTORY CHALLENGE.
   It is error to allow a peremptory challenge of a juror in a civil proceeding, where it is not authorized by statute.

6. EMINENT · DOMAIN—SCHOOL DISTRICT—SELECTION OF JURORS— STATUTES.
   Due process of law was accorded defendant property owner so far as selection of jurors was concerned in proceeding to condemn his property by school district, where the circuit judge made a careful examination of the jurors and insisted that defendant property owner have the right to dismiss jurors for cause, there being no right to peremptory challenges accord-ed by controlling statute (US Const ams 5, 14; Mich Const 1908, art 2, § 16; art 13, §§ 1, 2; CLS 1956, § 340.714; CL 1948, § 602.19).

Appeal from Lenawee; Martin (Rex B.), J. Sub-mitted October 13, 1959. (Docket No. 56, Calendar No. 48,066.) Decided November 24, 1959. Rehearing denied January 13, 1960.

Bill by Karl Strech against the Blissfield Com-munity Schools District to set aside condemnation

award. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Robert E. Childs,* for plaintiff.

*Aloysius B. O'Mara,* for defendant.

KAVANAGH, J.  Plaintiff filed a bill of complaint in the circuit court for Lenawee county on March 11, 1958, seeking to set aside a condemnation award originally made in a law proceeding instituted in the Lenawee county circuit court on September 6, 1955, and subsequently tried on October 4 and 5, 1955.  On the latter date the condemnation jury made its award.  Motion for new trial was shortly thereafter filed and followed by an amended motion for a new trial.  On denial of these motions an appeal was taken to the Michigan Supreme Court.  On June 28, 1956, this Court filed its opinion affirming the condemnation award.  This opinion is reported in 346 Mich 186.*

In the present action plaintiff alleges that because of the interest, prejudice and bias of the jurors and because of the peculiar method of selection, which interest, prejudice and bias first came to his attention after the time had expired for filing a petition for a rehearing in the Michigan Supreme Court, he was deprived of his land without due process as is required by the United States Constitution, Fifth and Fourteenth Amendments, and the Michigan Constitution (1908), art 2, § 16; that he was deprived of his land in a manner not contemplated by article 13, §§ 1, 2, of the Michigan Constitution (1908) because the jury of 12 freeholders residing in the vicinity of such property was biased, prejudiced and chosen in a manner which was fraudulent and that the fraud was perpetrated upon him; that the bias,

---

* *Blissfield Community Schools District v. Strech.*

interest and prejudice of these 12 freeholders, who acted not only as jurors but also as judges of the law, were not known to him at the time of the commencement of the condemnation trial, at the time counsel filed a motion for new trial, or at the time the oral and written arguments were submitted to the Michigan Supreme Court, but were discovered by him subsequent to that time.

The school district filed its motion to dismiss the bill of complaint on April 19, 1958.

Defendant alleges Blissfield is a community of approximately 2,800 people, and Strech, except for the period of time in service and while working in Detroit, was born, reared, educated and lived in the village. The facts claimed to be fraudulent would certainly be common knowledge to residents of this small village. If not, normal diligence in the preparation of trial would have disclosed them to Strech.

After oral and written arguments, on November 14, 1958, the circuit judge filed a written opinion granting the motion to dismiss. On December 29, 1958, the decree for the school district was filed. From this decree, plaintiff appeals.

The opinion of the lower court indicates that the circuit judge made an extensive study of the allegations in the bill of complaint and the law applicable thereto. We think he reached the right conclusion.

No questions are raised by the bill of complaint with respect to the bias, prejudice and disqualification of the jurors or errors in selecting the jurors that were not raised or passed upon by this Court or should have been raised or passed upon by this Court in the previous case.

*Res judicata* applies not only to issues which were determined on their merits but also to matters which the parties had an opportunity to present for adjudication on the merits. *Porth* v. *Cadillac Motor Car Co.,* 209 Mich 89; *Thompson* v. *Doore,* 269 Mich

466; *McDannel* v. *Black,* 270 Mich 305; *Boyich* v. *J. A. Utley Co.,* 306 Mich 625.

Plaintiff attempts to rely upon the allegation that he has been defrauded. He seeks to set aside the previous award. No facts supporting such an allegation are found in the bill of complaint. The facts alleged, taken as true, do not constitute fraud. Fraud is not to be presumed.

The only questions that need consideration are the questions regarding the constitutionality of the condemnation statute. Plaintiff alleges lack of constitutionality in the statutes because no peremptory challenges are permitted, and the challenges for cause are limited by CL 1948, § 602.139 (Stat Ann 1957 Cum Supp § 27.264). Standards as to disqualifications for cause are set up in the statute[*] sufficiently to justify determination as to whether a proposed juror is in a position to enter a fair and just verdict. These meet all the requirements of the constitutional provisions. Peremptory challenges have never been held to be a requirement of due process. Peremptory challenges in civil causes were unknown to the English common law, but Justice Campbell defined the Michigan law when he stated:

"Challenges for cause are necessary in all inquires by jury, but peremptory challenges in other than criminal proceedings are confined to cases where the statutes have directly provided for them." *Matter of Convers,* 18 Mich 459, 468.

It is error to allow a peremptory challenge not authorized by statute. *Eldridge* v. *Hubbell,* 119 Mich 61.

The legislature has failed to provide for peremptory challenges under the act used in this particular condemnation proceeding. This it had a right to

---

[*] See CLS 1956, § 340:714 (Stat Ann 1959 Rev § 15.3714).—Reporter.

do. Due process of law under the constitutional provisions was more than met by the careful examination of the jurors by the circuit judge and by the insistence of the circuit judge in giving the plaintiff the right to dismiss jurors for cause.

The decree of the lower court is affirmed. Defendant-appellee may have costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.