## HYMA *v.* HIPPLER.

1. EXECUTION—MORTGAGES—KNOWLEDGE OF LEVY.

   Mortgagors who claim, in proceedings commenced by bill in aid of execution, to have paid mortgagee without knowledge of alleged existing levy against the mortgage *held*, entitled to prevail under record disclosing there was no levy on the mortgage.

2. TRIAL—PRETRIAL PROCEDURE.

   The purpose of the pretrial procedure is to state and simplify the factual and legal issues to be litigated (Court Rule No 35, § 4 [1945]).

3. SAME—PRETRIAL STATEMENT.

   The pretrial statement which is not modified at, or before, trial controls the subsequent course of the action or proceedings (Court Rule No 35, § 4 [1945]).

4. APPEAL AND ERROR—RECORD—PRETRIAL STATEMENT.

   The Supreme Court will not reverse the decision of the lower court that was in accord with the record and the issue as stated in the pretrial statement notwithstanding the statement differed with plaintiff's bill in aid of execution or because the attorneys may have been confused (Court Rule No 35, § 4 [1945]).

5. EXECUTION—DISMISSAL AS TO JUDGMENT DEBTOR.

   Claim that bill in aid of execution was improperly dismissed as to defendant judgment debtor at same time it was dismissed as to his alleged debtors, because he was not present nor represented by counsel *held*, without merit.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur, Execution § 517 *et seq.*
[2, 3, 6] 53 Am Jur, Trial § 11.
   Binding effect of court's order entered after pretrial conference. 22 ALR2d 599.
[4, 5] 3 Am Jur, Appeal and Error § 1163.

6. SAME—PRETRIAL STATEMENT—TRANSCRIPT OF TESTIMONY TAKEN
BEFORE CIRCUIT COURT COMMISSIONER.

> It was not an abuse of discretion nor reversible error for circuit court in county where bill in aid of execution had been filed not to request production of transcript of testimony taken in circuit court commissioner's court of another county which allegedly contained proof of the fraudulent conveyance for circuit court's consideration in making pretrial statement and in making decision on the bill in aid of execution (Court Rule No 35, § 4 [1945]).

Appeal from Livingston; Carland (Michael), J. Submitted October 4, 1961. (Docket No. 14, Calendar No. 49,132.) Decided December 1, 1961.

Bill in aid of execution by Albert Hyma against Alfred Hippler, Glenn Edwin Holmes, and Helen Edna Holmes. Cause dismissed. Plaintiff appeals. Affirmed.

*Stewart M. Green (J. Nelson Pyle,* of counsel), for plaintiff.

*Stanley Berriman,* for defendants Holmes.

KELLY, J. July 5, 1960, plaintiff filed his motion for new trial stating that his "action is in fact a bill in aid of execution based upon a claimed fraudulent conveyance," and that "the cause was not litigated in the hearing held June 17, 1960, and should therefore be heard." The motion was denied and plaintiff appeals.

The pretrial statement reduced the question to be decided as follows:

"It appears that on March 10, 1949, a judgment was rendered in the circuit court for the county of Livingston, in favor of the plaintiff and against the defendant, Alfred Hippler, in the amount of $6,000. That on the date of the entry of the judgment Hippler held a mortgage in the amount of $2,500 on

lands owned by the defendants Holmes. That on the 10th day of March, 1949, a levy was made on the mortgage interest of Hippler in said lands. Despite the fact of this levy, it is claimed by the plaintiff that this mortgage was paid by the Holmes on the 12th of March with knowledge of the existence of the levy. This knowledge is denied by the defendants Holmes.

"The sole question to be decided by this court is whether or not, at the time of the payment of the mortgage by Holmes to Hippler, he had knowledge of the existing levy against the said mortgage and the interest thereof of the plaintiff."

It is admitted by appellant that the record discloses that there was no levy on the mortgage and, therefore, the sole question as established by the pretrial statement would have to be answered that defendants Holmes did not have knowledge of a levy against the mortgage.

Appellant, however, asks this Court to disregard the pretrial statement and find that "The lower court erred in the composition of the pretrial statement because it nullified the main issues in the bill in aid of execution and the trial judge knew the attorneys were confused."

Michigan Court Rule No 35, § 4 (1945),* states that the purpose of the pretrial procedure is to state and simplify the factual and legal issues to be litigated. The pretrial statement was not modified at, or before, the trial. The pretrial statement shall control the subsequent course of the action or proceedings. See *Kolton* v. *Nassar,* 352 Mich 337.

The court's decision was a proper determination of the factual and legal issues to be litigated according to the pretrial statement, and this Court will not reverse because appellant claims that the pretrial statement differed with the bill in aid of execution or because "the attorneys were confused."

---

* For amendments see 352 Mich xv.—Reporter.

Appellant claims the lower court erred in dismissing the bill in favor of defendant Hippler because: "At the hearing on the bill in aid of execution, defendant Hippler was not present, nor was he represented by counsel." There is no merit to this contention.

A transcript of testimony of all defendants was taken in the Oakland county circuit court commissioner's court. The transcript was not submitted to the trial court. Plaintiff contends "that said transcript contains proof of the fraudulent conveyance" and that "it was incumbent upon the lower court to request its production for consideration, both in the composition of the pretrial statement and in making its decision on the bill in aid of execution. The lower court's failure to do so constituted error and an abuse of discretion."

We do not agree with plaintiff-appellant.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.