## HYMA *v.* HIPPLER.

**1. JUDGMENT—RES JUDICATA—APPLICATION.**

The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

**2. SAME—RES JUDICATA—PRETRIAL—TRANSCRIPT.**

Action to set aside fraudulent conveyance, based on alleged proof of fraudulent conveyance contained in a transcript of testimony taken in connection with previous proceeding in the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30A Am Jur, Judgments §§ 324, 325.

same matter, *held,* barred by rule of *res judicata* in case where trial court, affirmed by the Supreme Court, decided the sole question presented at pretrial conference against plaintiff, and did not, of its own motion, request production of transcript for consideration.

Appeal from Livingston; Carland (Michael), J. Submitted Division 2 February 7, 1967, at Lansing. (Docket No. 1, 1964.)   Decided June 13, 1967.  Leave to appeal denied August 22, 1967.   See 379 Mich 776.

Complaint by Albert Hyma against Alfred Hippler and Mary Ida Hippler, his wife, and Glenn Edwin Holmes and Helen E. Holmes, his wife, to set aside a conveyance and for other relief.  Accelerated judgment for defendants.  Plaintiff appeals. Action continued against widows upon the deaths of both husbands.  Affirmed.

*Albert Hyma, in propria persona.*

*Stanley Berriman,* for defendant Helen E. Holmes.

PER CURIAM.   This is an appeal by plaintiff from a dismissal of his complaint on the ground of *res judicata.*

Plaintiff, seeking to trace assets, alleged that the sale of property* by Alfred and Mary Hippler on January 7, 1949, to Glenn and Helen E. Holmes was a fraudulent conveyance and should be set aside.

This matter was before the Michigan Supreme Court previously in *Hyma v. Hippler* (1961), 365 Mich 127.   There the Court ruled in favor of the defendants, specifically on the question of whether Holmes had notice of a levy against the mortgage

---

* The east 40 acres of the northeast fractional quarter of section 4, town 1 north, range 3 east, also the southeast quarter of the southeast quarter of section 33, town 2 north, range 3 east of Livingston county, Michigan.

when he made his mortgage payment. However, the contention now advanced by the plaintiff was put forward and rejected on the ground it was not made an issue in the pretrial statement.

Plaintiff's view is that since a decision was not made on the "merits" of his contention, he should be allowed to bring this subsequent suit. We do not agree. The law of *res judicata* is clear:

"The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Gursten* v. *Kenney* (1965), 375 Mich 330 at 335.

Affirmed. Costs to appellees.

HOLBROOK, P.J., and FITZGERALD and J. H. GILLIS, JJ. concurred.