SNIDER *v.* DUNN

1. ESTOPPEL—RES JUDICATA—SCOPE OF DOCTRINE—ISSUES ARGUABLE.

The doctrine of *res judicata* bars not only issues actually raised in a prior action but also bars every issue which properly belonged to the subject of litigation and which the parties, exercising reasonable diligence, might have brought forward at that time.

2. ESTOPPEL—RES JUDICATA—SCOPE OF DOCTRINE—ISSUES ARGUABLE —AGENCY.

Accelerated judgment based on *res judicata* was proper in plaintiff's suit for breach of an agent's implied warranty of authority and for acceptance of repairs on defendants' land where in plaintiff's prior action for specific performance of an agreement to sell land, against the same defendants, plaintiff claimed that he was sold land by defendant agent acting for defendant principal, the defendants defended on a lack of authority to act as an agent, judgment was given for defendants, and plaintiff could have, with reasonable diligence, raised the issue of implied warranty in the first action.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 46 Am Jur 2d, Judgments § 417.

[4] 46 Am Jur 2d, Judgments § 598 *et seq.*

3. JUDGMENT—ACCELERATED JUDGMENT—AFFIDAVITS—SUFFICIENCY—
RES JUDICATA BASIS.

    Affidavit in support of defendants' motion for accelerated judgment on the basis of *res judicata* in plaintiff's action for breach of an agent's implied warranty of authority was sufficient where it stated the date and docket number of the prior action, that defendants defended the prior suit on the ground that the defendant lacked authority to act as an agent, that testimony was taken and arguments made regarding this issue, that plaintiff's other issue, unjust enrichment, was also urged in the prior action, and where the affidavit set forth specific quotations from the trial court's record and transcript and the Court of Appeals case supporting defendants' statements (GCR 1963, 116.3).

4. EVIDENCE—COURT'S RECORDS AND FILES—JUDICIAL NOTICE.

    Accepting into evidence the court records and files of a prior case between the same parties on the same issues was not error, because a circuit judge may take judicial notice of the files and records of the court in which he sits.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 April 1, 1971, at Detroit. (Docket No. 10029.) Decided May 20, 1971. Leave to appeal denied, 385 Mich 784.

Complaint by Norman Snider against Sonia Dunn and Anna Dunitz for breach of an agent's implied warranty of authority and on implied contract. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*Harold Goodman,* for plaintiff.

*Josephson & Tennen* (by *Carl L. Rubin*), for defendants.

Before: J. H. GILLIS, P. J., and FITZGERALD and T. M. BURNS, JJ.

FITZGERALD, J. This is an appeal from an order granting a motion for an accelerated judgment

for defendant in an action by plaintiff for breach of an agent's implied warranty of authority.

On August 21, 1965, through Benjamin Rich Realty Company, plaintiff offered in writing to purchase the property in question for $3,800 and deposited $100 on such offer with the broker. The property was not listed for sale with the broker. On August 25, 1965, acceptance of the offer, amended as to amount to the sum of $4,150, was executed by "Sonia Dunn P.a. for Anna Dunitz", although Sonia Dunn had no written authority to act for Anna Dunitz. The evening of the same day, plaintiff was notified of such acceptance by the broker. On August 28, 1965, plaintiff received a policy of title insurance which disclosed that the State of Michigan was the owner of the premises, subject to the interest of Anna Dunitz, who had a life estate with a remainder to Sonia Dunn and Seymour Dunitz. The property had been vacant for some time and had been vandalized. On the evening of August 25, 1965, plaintiff was notified of further vandalization to the property, and on August 27 or 28, 1965, he commenced repairs to stop further vandalization. These repairs were continued until March 4, 1966.

There were further negotiations to close the transaction, and about two weeks after August 21, 1965, plaintiff offered an additional $1,750 to the purchase price. It is disputed on the record whether Sonia Dunn ever unconditionally accepted any of the plaintiff's offers, but the sale was never consummated.

On October 8, 1965, plaintiff filed an action (not the instant suit) for specific performance. That action ended in a judgment for defendants. Plaintiff appealed to this Court and we affirmed in *Snider v. Dunn* (1968), 11 Mich App 39.

Plaintiff then started the instant action on June 28, 1968, charging defendant Dunn with breach of an agent's implied warranty of authority and defendant Dunitz with an acceptance of repairs made by plaintiff on defendants' property. Defendants, claiming *res judicata,* filed a motion for an accelerated judgment with supporting affidavits. On July 8, 1970, the trial court filed an opinion granting defendants' motion for accelerated judgment. This appeal results.

Plaintiff's first issue on appeal is that the prior litigation should not have been considered a bar to the instant case. We disagree.

The prior action was brought on the theory of specific performance. The defendants defended that action on the basis that defendant Dunn lacked the authority as an agent to enter into a contract for the sale of the land with the plaintiff. The trial court in that action gave judgment for the defendants and plaintiff appealed. With his appeal, plaintiff made a motion to amend his complaint to conform to the proofs. This would have given plaintiff an opportunity to recover on the theory of breach of implied warranty of authority and misrepresentation of authority from defendant Dunn. The majority decision of this Court affirmed the trial court and denied the motion to amend, stating:

"On appeal, plaintiff does not question the trial court's denial of specific performance but contends that defendant Sonia Dunn is liable individually for damages on theory of breach of implied warranty of authority by an unauthorized agent. This theory was neither pleaded nor raised below, and it is not before this Court. *Dwelley* v. *Tom McDonnell, Inc.,* (1952), 334 Mich 229. If this theory were before this Court, plaintiff could not benefit by it." 11 Mich App 44.

Plaintiff contends that the above paragraph is dispositive of the issue that the prior litigation is not a bar to the instant action because the issue was not there pleaded or raised.

However, *res judicata* applies as a bar to subsequent litigation, not only for any issues actually raised in the prior action, but also to any that could have been raised but were not.

In *Strech* v. *Blissfield Community Schools District* (1959), 357 Mich 620, 623, 624, the Court said:

"*Res judicata* applies not only to issues which were determined on their merits but also to matters which the parties had an opportunity to present for adjudication on the merits. *Porth* v. *Cadillac Motor Car Co.* [1920], 209 Mich 89; *Thompson* v. *Doore* [1934], 269 Mich 466; *McDannel* v. *Black* [1935], 270 Mich 305; *Boyich* v. *J. A. Utley, Co.* [1943], 306 Mich 625."

There is little doubt that plaintiff "had an opportunity to present for an adjudication on the merits" the instant claim in the prior action.

Additionally, in *Hyma* v. *Hippler* (1967), 7 Mich App 90, this Court said, in quoting from *Gursten* v. *Kenney* (1965), 375 Mich 330, 335:

"The plea of *res judicata applies,* except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, *but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.*" (Emphasis supplied.)

Furthermore, it appears from the record of the prior action that even though plaintiff did not specifically plead breach of an implied warranty, the defendant there did raise the issue as part of the

defense.   The record also indicates that plaintiff's counsel pursued the authority issue on examination of defendant Dunn.

Even had we decided today that *res judicata* was not a bar to the instant action, it would have been little help to plaintiff as we have already decided the implied warranty of authority issue against him, see *Snider* v. *Dunn* (1968), *supra.*

Plaintiff's second issue on appeal concerns the adequacy of the affidavit filed by defendants in support of their motion for an accelerated judgment.

The affidavit filed by defendants was pursuant to GCR 1963, 116.3, which requires affidavits when the grounds asserted do not appear on the face of the pleading attacked.   Because affidavits were in fact submitted, we do not need to decide whether the grounds for defendants' motion, *res judicata,* appeared on the face of the complaint by way of the "prior action" stamp listing the earlier case.

Defendants' affidavit in support of their motion stated the date and docket number of the prior action; that defendants in the prior action defended the action on the grounds that defendant Dunn had no authority to sign a purchase agreement; that testimony was taken and arguments were made by counsel in regard to this issue; that the theory of unjust enrichment was urged as a theory by plaintiff in the first action; and that, thus, both theories in the instant case were raised in the first action. Defendants additionally set forth specific quotations from the lower court transcript and record, and the Court of Appeals case, to support their statements.   In light of the above, we hold that defendants' affidavit was sufficient to satisfy the requirements of GCR 1963, 116.3.

Plaintiff next contends that it was error for the trial court in the instant case to accept into evidence

the records and files of the prior case. There is no doubt but that a circuit court may take judicial notice of the files and records of the court in which it sits. *Knowlton* v. *City of Port Huron* (1959), 355 Mich 448. Given this, we perceive no error in allowing them to be introduced into evidence. It is difficult to determine that plaintiff was prejudiced by the contested admission when the record contains his counsel's sworn statement that he was familiar with the records and transcripts of the prior action.

Plaintiff further contends the lower court was erroneous in finding that the issue of implied contract was raised in the prior case. The record shows that in the prior action the plaintiff relied upon *Ollig* v. *Eagles* (1959), 347 Mich 49, a case which dealt with the issue of implied contract. Apparently plaintiff was attempting to analogize *Ollig* to the pending litigation. The trial court, then, was correct in determining that the implied contract issue had been raised before.

Plaintiff's remaining issues are unmeritorious, not to mention the fact that they are also unbriefed.

Affirmed. Costs to appellees.

All concurred.