MANGO *v.* PLYMOUTH TOWNSHIP BOARD OF TRUSTEES

OPINION OF THE COURT

1. ESTOPPEL—RES JUDICATA—APPLICATION.
   *Res judicata* applies to bar a subsequent suit between the same parties when the facts or evidence essential to the maintenance of the two actions are identical.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  46 Am Jur 2d, Judgments § 410.
[3, 4]  46 Am Jur 2d, Judgments §§ 445, 487.
[5]  46 Am Jur 2d, Judgments § 417.

2. Estoppel—Res Judicata—Zoning—Ordinance's Constitutionality—Rights Under Ordinance.

 Granting accelerated judgment on the basis of *res judicata* was error·where plaintiffs' first suit attacked the constitutionality of a zoning ordinance and the second suit sought to determine their rights, to repair a non-conforming use, under the zoning ordinance, because the facts and evidence for the two suits are different.

3. Pleading—Claims—Compulsory Joinder—Failure to Object—Waiver—Court Rule.

 Defendant's failure to object to plaintiffs' abandoning a count of their first suit precluded defendant from invoking the compulsory joinder rule as a bar to a subsequent action based on the abandoned count (GCR 1963, 203.1).

#### Dissent by Danhof, J.

4. Pleading—Claims—Compulsory Joinder—Failure to Object—Court Rule.

 *Court rule providing that a failure to object to an improper joinder of claims or a failure to object to an incomplete joinder waives the error did not apply where the complaint stated every claim, legal or equitable, which plaintiffs had against the defendants at the time of the serving of the complaint and plaintiff voluntarily waived one of their claims, because defendants could do nothing more (GCR 1963, 203).*

5. Estoppel—Res Judicata—Application—Issue Litigatable.

 Res judicata *applies as a bar not only to points actually litigated in a prior suit but to every point which properly belonged to the subject of the prior litigation and which the parties, with reasonable diligence, might have brought forward at that time.*

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 April 8, 1971, at Detroit. (Docket No. 8886.) Decided May 21, 1971.

Complaint by Frank Mango, Julia Mango, and others against Plymouth Township Board of Trustees and others for mandamus. Accelerated judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Earl J. Demel* and *Charles F. Decker,* for plaintiffs.

*Ralph W. Cole,* for defendants.

Before: LESINSKI, C. J., and V. J. BRENNAN and DANHOF, JJ.

V. J. BRENNAN, J.  This is an appeal from a grant of accelerated judgment[1] in favor of the defendants in an action to compel issuance of a building permit.

The seeds of the present controversy were sown in 1957 when Plymouth Township adopted a zoning ordinance changing plaintiffs' property from a commercial to a residential area.  The plaintiffs' restaurant and tavern thus became a non-conforming use.  As these buildings grew older, the plaintiffs desired to tear them down and construct new ones, but this would be impossible as long as the zoning ordinance remained.  On April 11, 1967, plaintiffs filed a mandamus action to compel the township board of trustees to rezone plaintiffs' property to commercial and to issue them a permit to construct new buildings.  The basis of the mandamus action was plaintiffs' contention that the zoning ordinance was unreasonable and arbitrary as applied to their property and, therefore, unconstitutional.  In count II of this same complaint, plaintiffs alternatively sought a writ of mandamus to compel the township trustees to issue them a permit to restore, remodel, reconstruct, or repair the buildings on the ground that, even if the ordinance was constitutional, both Michigan law and the ordinance itself allow for certain changes and repairs to be made to non-conforming uses.  At the

_____
[1] GCR 1963, 116.

pretrial conference, the plaintiffs abandoned count II without objection. The case was then tried solely on the issues raised by count I and the constitutionality of the statute was upheld.

On November 5, 1969, plaintiffs applied for a building permit in order to make repairs and install new equipment so as to correct violations of State Health Department regulations, which led to plaintiffs' business being closed. When they were refused the building permit, plaintiffs instituted a mandamus action essentially similar to count II (the abandoned count) in the prior proceeding.

The defendants moved for accelerated judgment on the basis that the first action was *res judicata* of the issues in this case. The trial court agreed and granted accelerated judgment.

The briefs and records in this case indicate that the first action was essentially an attempt by way of mandamus to challenge the constitutionality of the zoning ordinance. The present action is a suit to determine the plaintiffs' rights to repair or change their business *under the ordinance.*

The test to determine the applicability of the doctrine of *res judicata* is whether the facts or the evidence essential to the maintenance of the two actions are identical. If they are, the doctrine of *res judicata* bars the subsequent action. *Sheridan Drive Association* v. *Woodlawn Backproperty Owners Association* (1970), 29 Mich App 64.

Applying this test to the case at bar, it is clear that the facts and evidence necessary to attack the constitutionality of the ordinance are different from those necessary to establish plaintiffs' rights thereunder. Thus, the doctrine of *res judicata* did not bar the second action. Moreover, the defendants' failure to object to the abandonment of count II in

the first action waived any right they may have had to invoke the compulsory joinder rule as a bar to this action. GCR 1963, 203.1.

For the foregoing reason the judgment of the lower court is reversed and the cause is remanded for a trial on the merits.

Reversed and remanded.

LESINSKI, C. J., concurred.

DANHOF, J. (*dissenting*). I would affirm the action of the trial court in granting the motion for accelerated judgment.

The record discloses the plaintiffs in a 1967 action had filed a complaint in two counts. Count II of the 1967 action made essentially the same claim as is stated in the instant suit. Subsequently, at the pretrial conference in the prior action the plaintiffs abandoned count II and they now seek to relitigate that claim.

The majority states that defendants' failure to object to the abandonment of count II waived their right to object to the current action, GCR 1963, 203.1. In my opinion GCR 1963, 203.1 has no application to the case at hand. The prior complaint did state every claim, legal or equitable, which at the time of the serving of that pleading the plaintiffs had against the defendants. There was then nothing more defendants could do. If, after serving the complaint, the plaintiffs voluntarily waived count II, this was their own decision.

Plaintiffs had the opportunity, in the prior suit, to litigate the matters which are the basis of their current action. In *Gursten* v. *Kenney* (1965), 375 Mich 330, 333, the Supreme Court said:

"The correct rule is stated in *Olsen* v. *Muskegon Piston Ring Co.*, 117 F2d 163 (1941). In that case a

Federal district court had entered an order of dismissal because the plaintiff failed to proceed to trial upon the merits. A second suit was instituted upon the same grounds. The court of appeals, in upholding the Federal district court's decision that the matter was *res judicata,* stated (p 165):

" 'The dismissal of the first suit was entered upon a finding and legal conclusion made after hearing, and after calling upon appellant to go forward with proof in support of his claim. These findings and conclusions constitute a judicial determination which was affirmed by this court. No appeal was taken from the affirmance, and hence the decision is final and cannot be collaterally attacked.

\*    \*    \*

" 'A judgment on the merits does not require a determination of the controversy after a trial or hearing on controverted facts. It is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law. 2 Freeman on Judgments (5th ed), §§ 7723–725.' "

On p 335, the Court further stated:

"The correct rule is found in *Henderson* v. *Henderson,* 3 Hare 100, 115 (67 Eng Rep 313), and is quoted in Michigan decisions from *Harrington* v. *Huff & Mitchell Co.* [1908], 155 Mich 139, 142, to *Shank* v. *Castle* [1959], 357 Mich 290, 295:

" 'The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, *but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable deligence, might have brought forward at the time.' "
(Emphasis added.)

See also *Strech* v. *Blissfield Community District Schools* (1959), 357 Mich 620; *Hyma* v. *Hippler* (1967), 7 Mich App 90; *Snider* v. *Dunn* (1971), 33 Mich App 619.