HUGHES v MEDICAL ANCILLARY SERVICES, INC.

Docket No. 77-3319. Submitted June 16, 1978, at Lansing.—Decided February 5, 1979. Leave to appeal denied, 406 Mich 962.

Plaintiff, Donald T. Hughes, Jr., was dismissed from his employment by defendant, Medical Ancillary Services, Inc. He filed suit against his former employer alleging accrued but unpaid vacation to which he was entitled. A judgment of no cause of action was entered in that case. Plaintiff then filed a new action against defendant alleging an oral employment contract and wrongful discharge. The Oakland Circuit Court, William J. Beer, J., granted defendant's motion for summary judgment, holding that the cause of action should have been brought in the former suit. Plaintiff appeals. *Held:*

By virtue of the waiver provision in the court rule defendant waived its objection to nonjoinder by failing to object in the first suit to the failure of defendant to join all his claims.

This holding was arrived at by D. E. HOLBROOK, P.J., with M. J. KELLY, J., concurring in the disposition and reasoning that a defendant has an obligation to object to nonjoinder of claims of which he has actual or constructive knowledge and finding that this defendant had constructive knowledge of this claim at the time of the first lawsuit.

Reversed and remanded.

P. J. MARUTIAK, J., dissented. He found that defendant would have had knowledge of this claim only by pure speculation and guesswork and would hold that, under such circumstances, defendant did not waive its objection to nonjoinder.

OPINION OF D. E. HOLBROOK, P.J.

1. ACTION — DEFENSES — COMPULSORY JOINDER — WAIVER — COURT RULES.

A defendant waived his objections to a plaintiff's failure to join

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]1 Am Jur 2d, Actions §§ 131, 132.

Waiver of, by failure to promptly raise, objection to splitting cause of action. 40 ALR3d 108.

[3]1 Am Jur 2d, Actions § 127.

all causes of action in his original litigation where plaintiff, without benefit of counsel, first brought an action for recovery of vacation benefits allegedly owed him by defendant and not paid upon termination of his employment and later, after judgment on the merits for defendant, brought an action for improper termination of employment under an alleged oral contract (GCR 1963, 203.1).

Opinion of M. J. Kelly, J.

2. Action — Defenses — Compulsory Joinder — Waiver — Knowledge of Claims.

A defendant who has actual or constructive knowledge of the existence of other claims against him and who fails to object to their joinder in litigation against him waives his objection to a subsequent suit upon them.

Dissent by P. J. Marutiak, J.

3. Action — Defenses — Compulsory Joinder — Waiver — Court Rules — Knowledge of Claims.

*A plaintiff has a duty under the court rules to join in his complaint every claim that arises out of the transaction or occurrence that is the subject-matter of the action; a defendant who fails to object to plaintiff's failure to join claims required by the rule to be joined does not waive his objection where the claims could only be known to defendant by pure speculation and guess; a defendant can only be expected to object to a failure to join claims where the defendant has knowledge that another claim exists (GCR 1963, 203.1).*

*Berkey, Erickson, Rentrop & Martin* (by *David P. Trahan),* for plaintiff.

*Keywell & Rosenfeld* (by *Stephen A. Blaske),* for defendant.

Before: D. E. Holbrook, P.J., and M. J. Kelly and P. J. Marutiak* JJ.

D. E. Holbrook, P.J. The facts of the instant case are set out in detail in our Brother Judge

* Circuit judge, sitting on the Court of Appeals by assignment.

MARUTIAK's dissent. Briefly, plaintiff filed suit in municipal court for the City of Troy on June 1, 1976, alleging that he was entitled to compensation for accrued vacation time unused at the time of his involuntary termination by defendant. Plaintiff appeared *in propria persona* in the municipal court action; defendant was represented by counsel. On September 7, 1976, a judgment of no cause of action was rendered against plaintiff. The reasons underlying the municipal court's action in ruling against plaintiff do not appear of record although apparently the decision was made upon the merits of plaintiff's claim.

Plaintiff filed a second suit in Oakland County Circuit Court on February 9, 1977, alleging an oral contract of employment with defendant and violation of that contract by the defendant's discharge of plaintiff from his position as accountant. Defendant moved for accelerated judgment under GCR 1963, 116.1(5), alleging merger under Michigan's compulsory joinder rule as set forth in GCR 1963, 203.1.

At a July 27, 1977, hearing, the trial court granted defendant's motion and held:

"It's an old principle of law that to avoid multiplicity of law suits that if there is a law suit growing out of a situation it may not be parceled out and if a person decides they are going to appear in pro per to handle a case they are governed by the same rules of law. * * * I think this motion is well taken and it should be granted and it is granted."

As the dissent notes, determination of this case depends entirely upon interpretation of GCR 1963, 203.1. That rule provides as follows:

"A complaint *shall state* as a claim *every claim*

either legal or equitable which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. *Failure* by motion or at the pretrial conference *to object* to improper joinder of claims or to a failure to join claims required to be joined *constitutes a waiver* of the required joinder rules and the judgment shall not merge more than the claims actually litigated." (Emphasis supplied.)

The first sentence of the above-quoted paragraph is a strict requirement of compulsory joinder of all related claims. The final sentence, however, substantially abrogates this compulsory joinder rule by providing for waiver in those instances where failure to join is not objected to in the first action.

According to 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Committee Notes, pp 472-473:

"The strictness of the compulsory joinder provision of sub-rule 203.1 and its all inclusive character is mitigated in a sensible way by its last sentence * * *. The harshness of the present practice as it relates to the enforcement of compulsory joinder provisions (this is sometimes referred to as the rule against splitting causes of actions) is the fact it almost always is enforced after the fact, through the doctrine of merger or res judicata. In other words, at the present time the question of whether or not all of a cause of action has been sued upon is seldom, if ever, challenged in the original suit when the defect might have been corrected. Normally, the challenge comes in a response to another suit alleging splitting or merger. At this late stage of the proceedings, no matter how innocent the parties were, there is no way to correct the matter and the party loses his chance to litigate the rest of his claim.

"This is a broad rule of required joinder and it is predicated on the theory of requiring the parties to settle all matters arising out of the transaction or occurrence in one lawsuit. It also provides, however, a sensible method of deciding what matters do arise out of the transaction or occurrence in the first litigation and if the parties (the plaintiff by suing on less than all; the defendant by not raising the question) desire to litigate their claims in two pieces, *the harshness of the merger doctrine should not prejudice them. In other words, the scope of the action that will be merged will be determined in the first litigation when it can be corrected rather than in the second litigation when it cannot be corrected.* Nothing in this rule changes the application of the doctrine of collateral estoppel." (Emphasis supplied.)

Plaintiff claims on appeal that his first action in municipal court merely alleged improper denial of vacation benefits. Although no record was maintained in that proceeding, plaintiff's counsel offers to file affidavits to that effect. From plaintiff's complaint in the municipal court proceeding it does not appear that allegations of improper termination or violation of the parties' oral contract were raised or litigated. For this reason plaintiff contends that the instant matter is not barred by GCR 1963, 203.1 and that defendant is precluded from objecting to plaintiff's failure to join his two separate claims in the original action.

Two panels of this Court have interpreted GCR 1963, 203.1 on previous occasions. In *Purification Systems, Inc v The Mastan Co, Inc,* 40 Mich App 308; 198 NW2d 807 (1972), *lv den* 388 Mich 751 (1972), the appellate Court determined that theirs was a question of public policy and that the court was required to weigh the prevention of "vexatious" and "costly" litigation against the "harshness" of the traditional compulsory joinder rule. In

the instant case, the trial court relied upon similar reasoning in support of its decision.

The *Mastan* Court, applying this policy approach, held that where a contract claim asserted by the plaintiff arises out of one transaction or occurrence and the cause proceeds to final adjudication against the party, his later assertion of a claim under implied contract or *quantum meruit* is barred by the rule of res judicata. It should be noted, however, that in *Mastan* the party was seeking to recover the *same loss* under two separate theories of recovery.

An earlier panel of the Court of Appeals, with Judge V. J. BRENNAN, who sat on *Mastan* also, writing for the majority, considered this court rule in *Mango v Plymouth Twp Board of Trustees,* 33 Mich App 715; 190 NW2d 285 (1971). In *Mango,* plaintiffs were challenging a zoning ordinance. Plaintiffs' first suit raised two counts: that the ordinance was arbitrary and unreasonable as applied and therefore unconstitutional; and second, that, in the event the ordinance was found to be constitutional, a writ of mandamus should issue to compel the defendant to allow plaintiffs to make substantial repairs to their property while continuing their nonconforming use. The plaintiffs abandoned the second count, however, at the pretrial conference. After their challenge on the basis of count I was denied, plaintiffs brought a second action, raising the claim formerly dropped as count II. The trial court granted defendant's motion for accelerated judgment in this second action on the basis of res judicata. The appellate Court reversed.

The appellate Court noted that facts and circumstances were not identical in the two actions, and, therefore, res judicata could not bar the subse-

quent action. Furthermore, the Court felt that since they had failed to object to the abandonment of the second count in the first action, the defendants had waived any right they may have had to invoke the compulsory joinder rule bar to the second action. Judge BRENNAN did not find these two opinions to be inconsistent, and we believe the *Mango* decision to be more clearly on point.

We find the interpretation of GCR 1963, 203.1 adopted by the dissent in the instant case to be unnecessarily harsh; the plaintiff is not claiming identical damages under two separate theories of recovery as in *Mastan, supra.* Clearly, if the first sentence of rule 203.1 stood alone, the dissent's interpretation would be correct. Nevertheless, we hold that the second sentence of court rule 203.1 was intended to eliminate this harshness in cases such as the present. To require joinder of all employment-related claims is an expansive measure; to require this joinder without allowing the parties, through silence, to waive its compulsory effect, as provided in the latter sentence of rule 203.1, is also productive of cumbersome and unwieldly litigation. The interpretation of this court rule as adopted by the *Mango* Court is preferable and more clearly reflects the intent of the rule.

Both of the plaintiff's actions arose out of the same subject-matter, only if we consider "subject-matter" very broadly; it is not clear that the separate actions are so inherently closely related that the latter claim should be waived if not joined in the original action. From the fact of plaintiff's original complaint in municipal court, wrongful termination does not arise as an issue. The second action, on the other hand, alleges as its primary and pivotal factual consideration the improper termination of an oral employment agreement. To

require compulsory joinder in a case such as the instant case would completely read the second section of GCR 1963, 203.1 out of that court rule.

Defendant should not be made to suffer for plaintiff's decision to proceed in municipal court without counsel, nevertheless, having enjoyed the assistance of counsel in the original proceeding, defendant is the more likely party to have knowingly waived his rights and duties under GCR 1963, 203.1. We hold that plaintiff must have an opportunity to reach the merits of his claim of improper termination of employment in accord with the second sentence of rule 203.1. Defendant's motion for accelerated judgment in the trial court should have been denied and we find under court rule 203.1 and the *Mango* decision that the defendant had waived its objections to plaintiff's failure to join all causes of action in the original litigation.

The decision of the trial court is reversed and remanded for trial. Costs to plaintiff.

M. J. KELLY, J. I concur in the result reached by Judge HOLBROOK but both of my colleagues have made points which are compelling. If I found, as did Judge MARUTIAK, that defendant could only have known of the second wrongful termination of oral contract claimed by "pure speculation and guess", I believe I would have agreed with his opinion. At least I would like to endorse the proposition that is contained in the dissent that "[a] defendant has no duty to write a plaintiff's complaint and can be expected to object to a failure to join claims only where that defendant has knowledge that another claim exists". I would further qualify the knowledge requirement to include actual and constructive knowledge.

However, it seems to me that the district court complaint satisfies the knowledge element and I quote the entire complaint for the reader:

"The plaintiff says:
"1. That having been an employee of Medical Ancillary Services, Inc. for five (5) years as of March 8, 1976 entitled him to three (3) weeks vacation as of March 8, 1976, and that his employment was abruptly and involuntarily ended on March 24, 1976 whereupon he had taken no time off for vacation between March 8 and March 24, 1976, but that Medical Ancillary Services, Inc has subsequently refused to compensate his *[sic]* for the unused vacation time of three (3) weeks pay, or $1,280.79 (One Thousand and Two Hundred Eighty Dollars and Seventy Nine Cents).
"To his damage in the sum of $1,280.79 Dollars and therefore he brings this suit."

It looks to me like the source of the plaintiff's original impetus to action was a perceived loss of $1,280.79 vacation pay but with a broadly waving red flag underlining a wrongful-termination cause of action.

I concur in the result reached by Judge HOLBROOK.

P. J. MARUTIAK, J. *(dissenting).* On June 1, 1976, plaintiff filed suit in the Municipal Court for the City of Troy alleging that he had accrued some three weeks of vacation time while in the employment of defendant. Plaintiff claimed that he had not taken this vacation time before defendant wrongfully terminated his employment, and, therefore, that he was entitled to its value which plaintiff computed at $1,280.70. On September 7, 1976, a judgment of no cause of action was rendered against plaintiff in that suit.

Subsequently, on February 9, 1977, plaintiff be-

gan suit in Oakland County Circuit Court alleging that he had an oral contract of employment with defendant and that defendant had wrongfully discharged him. Defendant moved for accelerated judgment in this second suit on the ground that it arose out of the same transaction as the earlier one and that, therefore, plaintiff's second claim merged with his first one and was now barred. The trial court agreed with defendant and granted its motion for accelerated judgment on July 27, 1977. Plaintiff now appeals and asks us to consider whether his claim for wrongful termination of employment was barred by his failure to assert this claim in his initial suit for vacation pay. Contrary to the result reached by the majority, I would hold that plaintiff's second suit was barred.

Under GCR 1963, 203.1:

"A complaint shall state as a claim every claim either legal or equitable which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. Failure by motion or at the pretrial conference to object to improper joinder of claims or to a failure to join claims required to be joined constitutes a waiver of the required joinder rules and the judgment shall not merge more than the claims actually litigated."

Plaintiff argues that his failure to bring the wrongful termination of employment claim in his initial suit for vacation pay did not preclude him from bringing it later because these two claims arose out of different transactions and do not pertain to the same subject matter. In the alternative, plaintiff argues that defendant's failue to object to nonjoinder of these claims in the initial

suit has waived this objection. I disagree with plaintiff on both points.

A plaintiff's duty under GCR 1963, 203.1 is to join in his complaint every claim that arises out of the transaction or occurrence that is the subject-matter of the action. A plaintiff is not required to join claims which arise out of separate, independent transactions or occurrences. *Michigan National Bank v Martin,* 19 Mich App 458; 172 NW2d 920 (1969).

The subject matter of plaintiff's original suit was his employer-employee relationship with defendant and the breach of an oral employment contract that arose by virtue of this relationship. Although plaintiff's subsequent suit for wrongful termination of employment technically was a different "claim" it, nevertheless, arose out of the same subject matter, *i.e.,* the parties' employment relationship and the alleged oral employment contract. Therefore, plaintiff should have consolidated his separate claims against defendant in a single suit.

Although GCR 1963, 203.1 required plaintiff to bring both of his claims against defendant in a single proceeding, it also states that a defendant's failure to object to a plaintiff's nonjoinder of claims in the first proceeding constitutes a waiver of this objection. Therefore, it must be decided whether defendant has waived the objection that gave rise to the instant appeal. I would hold that it did not.

In *Purification Systems, Inc v The Mastan Co, Inc,* 40 Mich App 308; 198 NW2d 807 (1972), *lv den* 388 Mich 751 (1972), another panel of this Court was called upon to determine the relative responsibilities of parties under this court rule in a situation similar to that of the case at bar. There, as here, a plaintiff either inadvertently or

intentionally violated the first sentence of GCR 1963, 203.1; a defendant, the second. The *Mastan* Court, in its attempt to reconcile these two parts of the court rule, concluded:

"We have weighed the 'traditional' view, and its 'harshness' on plaintiffs, as against the 'vexatious' and 'costly' effect of piecemeal adjudication on defendants. We must make a choice.

"We hold that where as here the claim asserted by plaintiff arises out of one transaction or occurence and recovery can be claimed under express or implied contract, and plaintiff chooses to proceed on express contract only, and the cause proceeds to final adjudication against him, his later assertion of a claim under implied contract or *quantum meruit* recovery is barred by the rule of *res judicata.*" 40 Mich App 308, 314.

*Mastan* concerned the circumstance where a plaintiff attempted to recover the same loss under two theories of recovery in two suits. In the case at bar, plaintiff has attempted to recover two losses under the same theory of recovery in separate suits. Nonetheless, both suits by the instant plaintiff arose out of the same "transaction or occurrence", as that term is used in GCR 1963, 203.1. Therefore, because we are required to make the same choice as was required in *Mastan, i.e.,* to weigh the respective responsibilities of each party under this court rule, I vote that we follow *Mastan.*

I do not believe that the result reached in this dissent would violate either the spirit of the court rule or the spirit of fairness in this case. I would hold only that plaintiff was required to join in a single suit such claims against defendant that arose out of their oral contract of employment. Here, both the claim for unpaid vacation benefits

and the claim of wrongful termination must be decided by reference to this employment contract. Thus, both claims unquestionably arose out of the same transaction or occurrence. It makes no difference that the separate proceedings initiated below by plaintiff sought different elements of damage. The court rule states that all claims must be brought in one proceeding if they arise out of the "transaction or occurrence that is the subject-matter of the action". The employer-employee relationship as defined by the oral contract of employment between the parties is the subject matter of both of the actions brought by plaintiff.

I believe, to the extent the majority opinion holds that defendant could have knowingly waived compulsory joinder of these claims in the first proceeding by its failure to object to a claim of plaintiff which defendant could have known only by pure speculation and guess, that the opinion is wrongly decided. A defendant has no duty to write a plaintiff's complaint and can be expected to object to a failure to join claims only where that defendant has knowledge that another claim exists. This is the import of the Court's decision in *Mango v Plymouth Twp Board of Trustees,* 33 Mich App 715; 190 NW2d 285 (1971). In *Mango,* which is cited in the opinion of Judge HOLBROOK, the plaintiffs' first suit raised two counts. At a pretrial conference plaintiffs abandoned the second count of their complaint. Defendant did not object to this abandonment. After they lost their first suit plaintiffs brought a second action raising a claim that was similar to the count they had abandoned in the original proceeding. The trial court granted the township's motion for accelerated judgment in the second proceeding. On appeal, this Court properly reversed the action of the trial court because the township clearly had

knowledge of the second count in plaintiffs' original suit and had failed to object to the failure of plaintiffs to pursue this count in the first suit. The failure of the township to object to a claim that it knew existed then was construed correctly by the Court to be a waiver of the requirements of compulsory joinder of claims.

One final comment should be made on this case. The committee appointed to review and consolidate the Michigan court rules has recommended that the second sentence of GCR 1963, 203.1, the waiver sentence, be deleted from this court rule. The committee pointed out that it supported this Court's position in *Mastan,* the position adopted in this dissent. See proposed MCR 2.203(A) and Committee Comment thereto.

I respectively dissent from the opinion of the majority. The decision of the trial court should be affirmed.